468 So.2d 720 (1985)
Wilbert P. FAUCHEAUX
v.
ALTON OCHSNER MEDICAL FOUNDATION HOSPITAL AND CLINIC, et al.
No. 84-CA-546.
Court of Appeal of Louisiana, Fifth Circuit.
April 15, 1985.
Donald M. Pierce, New Orleans, for plaintiff-appellant.
Albert S. Dittmann, Jr., Donald C. Massey, New Orleans, for defendant-appellee.
*721 Before BOUTALL, C.J., and BOWES and DUFRESNE, JJ.
DUFRESNE, Judge.
This is an appeal by Wilbert Faucheaux, plaintiff-appellant, from a partial summary judgment in favor of Alton Ochsner Medical Foundation, defendant-appellee, in a medical malpractice suit. The sole issue before us is whether Faucheaux has an action in strict liability against the hospital for hepatitis which he allegedly contracted from contaminated blood given to him during an operation. We agree with the trial court that he does not, and therefore affirm the judgment appealed from.
The facts are straightforward. Faucheaux underwent coronary bypass surgery at the Ochsner Hospital in November, 1980. Shortly thereafter he contracted hepatitis, allegedly from blood transfusions which he received during that surgery. Faucheaux eventually filed the present suit in which he alleges inter alia, strict liability on the part of the hospital for providing contaminated blood. The trial court agreed with the hospital's argument that Louisiana law specifically provides that strict liability or liability of any kind without negligence shall not be applicable to hospitals providing blood to a patient. He therefore granted the hospital's motion for summary judgment on this one issue. Faucheaux now appeals.
The pertinent statutory and jurisprudential history of strict liability for the administration of diseased or defective blood by health care facilities is as follows. Prior to 1968, there is no reported case in which a recipient of defective blood prevailed against a blood provider on a theory of strict liability. In that year, the legislature amended La.Civ.Code art. 1764, by adding Par. B.(1), which provides that the implied warranties of merchantability and fitness are not applicable to blood. Three courts of appeal subsequently determined that this amendment barred suits against blood providers for defective blood, in the absence of negligence. Martin v. Southern Baptist Hospital, 352 So.2d 351 (La.App. 4th Cir.1977), writ denied, 354 So.2d 210 (La.1978); Adams v. New Orleans Blood Bank, Inc., 343 So.2d 363 (La.App. 4th Cir.1977); Juneau v. Interstate Blood Bank Inc. of Louisiana, 333 So.2d 354 (La.App. 3rd Cir.1976), writ denied, 337 So.2d 220 (La.1976); Koppenol v. St. Tammany Parish Hospital, 341 So.2d 1242 (La. App. 1st Cir.1976), writ denied, 343 So.2d 1067 (La.1977).
On June 22, 1981, the Louisiana Supreme Court held in DeBattista v. Argonaut-Southwest Insurance Co., 403 So.2d 26 (La.1981), that notwithstanding the amendment to La.Civ.Code art. 1664, a provider of contaminated blood could be held liable under a theory of strict liability under La. Civ.Code art. 2315, and related codal articles. This decision did not become final until September 18, 1981, when a rehearing was denied. In apparent response to the initial publication of this decision, the legislature almost immediately enacted La.R.S. 9:2797 (effective July 15, 1981) which stated:
"Strict liability or liability of any kind without negligence shall not be applicable to physicians, hospitals, hospital blood banks, or non-profit community blood banks in the screening, processing, transfusion, or medical use of human blood and blood components of any kind in the transplantation or medical use of human organ, human tissue or approved animal tissue which results in transmission of viral diseases undetectable by appropriate medical and scientific laboratory test. The provisions of this section are intended to be prospective in nature and shall not effect the causes of action which have arisen prior to the effective date of this section."
It also enacted La.Civ.Code art. 2322.1 (effective September 11, 1981), the wording of which is exactly the same as that of La.R.S. 9:2797, except that the last sentence prospective application is omitted.
The issue before us is, therefore, whether Faucheaux has a cause of action in strict liability because of the DeBattista decision.
*722 We first note that the hospital's argument here that La.R.S. 9:2797, and La.Civ. Code art. 2322.1, are merely interpretive legislation, and therefore should be given retroactive effect, is not tenable for two reasons. First, La.R.S. 9:2797, specifically provides for only prospective application. Second, because the DeBattista decision was not final until September 18, 1981, after the effective date of both the statute and codal article, it is clear that that decision rejected retroactive application of these enactments as merely interpretive of prior law, and regarded them instead as a change in the law.
This brings us to the essential question of whether DeBattista should be applied to a set of facts occurring in November, 1980. The proper analysis to be used in determining whether a decision is to be given retroactive application was set forth in Lovell v. Lovell, 378 So.2d 418 (La.1979). There, the court noted that while decisions are generally to be given retroactive effect, in some circumstances a determination of non-retroactivity should be made. The court then enumerated three factors to be weighed in making such a determination:
(1) the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed;
(2) the merits and demerits must be weighed in each case by looking to the prior history of the rule in question, its purpose and effect and whether retrospective application will further or retard its operation; and
(3) the inequity imposed by retroactive application must be weighed.
As to the first of these factors, it is clear that at the very least the DeBattista case decided an issue of first impression whose resolution was not foreshadowed. No case had ever recognized such a cause of action. Although the theory of strict liability had by the time of that decision become established in Louisiana, because of the 1968 amendment to Civ.Code art. 1764, and the four appellate court decisions cited above which relied on that article in rejecting that theory's application to blood transfusions, there was simply no foreshadowing of the new rule of DeBattista in either law of jurisprudence.
As to the second factor, the purpose of the prior rule was to permit health care providers to administer life saving transfusions without fear of liability if the generally undetectable hepatitis virus was present. Cf. Martin v. Southern Baptist Hospital, supra. Moreover, within weeks of the first publication of DeBattista, and before its final promulgation, the legislature overruled it. Thus, whatever the purpose of the DeBattista rule might have been, that purpose was abrogated by legislative action. That body has thus determined that the new rule is to have no future effect, and has reinstated the prior rule. Under these circumstances, retroactive application of DeBattista would only further a rule which had no known prior existence, and one, moreover, which has been unequivocably rejected by the legislature even before its final promulgation. This we decline to do.
The final factor for our consideration is whether retroactive application would be inequitable. Because of the various prescriptive periods involved in medical malpractice suits, it is doubtful that many health care providers would be adversely affected if we were to rule in favor of retroactive application of DeBattista. However, the hospital here would be potentially liable for an action for which countless other health care providers were not, and absent a change in the law, cannot be. As to Faucheaux, when the acts giving rise to this litigation occurred, there was no known cause of action which he could have asserted against the hospital. Moreover, except for DeBattista, no other plaintiff has prevailed in a suit of this kind. In weighing these considerations, we conclude that it would be inequitable here to apply DeBattista retroactively.
*723 For the foregoing reasons, the judgment of the trial court dismissing Faucheaux's action in strict liability against the hospital is hereby affirmed.
AFFIRMED.