470 So.2d 241 (1985)
C-CRAFT MARINE SERVICES, INC.
v.
LLOG EXPLORATION COMPANY, et al.
No. CA-2935.
Court of Appeal of Louisiana, Fourth Circuit.
May 8, 1985.
Writ Denied June 28, 1985.
Stewart F. Peck, Douglas B. Habig, New Orleans, for plaintiff-appellant, C-Craft Marine Services, Inc.
Edward J. Lilly, Braithwaite, for defendant-appellee, Blind Bay Corp.
Sharon A. Perlis, Logan L. Loomis, Metairie, for defendant-appellee, Llog Exploration Co.
Before GARRISON, WARD and WILLIAMS, JJ.
WARD, Judge.
C-Craft Marine Services, Inc. sued for recognition and enforcement of a privilege under La.R.S. 9:4861 et seq., the Louisiana Oil Well Lien Act. C-Craft provided towing and barge services to Explorer Drilling Company, Inc. to facilitate drilling an oil or gas well on State Lease Number 8416. This State lease was procured by Llog Exploration Company and Blind Bay Corporation as joint lessees, and they in turn contracted with Explorer for the drilling of the well. Neither Llog nor Blind Bay contracted with C-Craft for any services, and after drilling and completion of the well, Llog and Blind Bay paid Explorer the full drilling contract price. Explorer, however, did not pay C-Craft. As a consequence, on December 19, 1983, C-Craft filed in the mortgage records of Plaquemines Parish a notice claiming a privilege on the well, and a petition in the Clerk's office asking for seizure and sale of the working interest, that is to say, the interest owned by Llog and Blind Bay.
*242 Llog filed an exception of prescription and Blind Bay filed an exception alleging no cause of action. Both exceptions are based on C-Craft's failure to timely record notice of its privilege.
The Trial Court maintained Llog's exception of prescription, and although the Court denied Blind Bay's exception of no cause of action, it dismissed C-Craft's petition and claim of privilege against both Llog and Blind Bay. C-Craft has appealed, and Blind Bay has answered. Blind Bay is satisfied with the judgment dismissing C-Craft's petition, but Blind Bay answered out of an abundance of caution because it believes the Trial Court erred by not holding that the basis for dismissal was no cause of action instead of prescription. Llog has not answered, but it has opposed the appeal and argues C-Craft's lien is barred by prescription.
We affirm.
La.R.S. 9:4861 creates a privilege in favor of any person who provides towing or barge services for the drilling of an oil or gas well. Neither Llog nor Blind Bay disputes C-Craft's allegations that it performed these services for Explorer when Explorer drilled the well on State Lease 8416. Nor do they dispute the cost of these services, $43,238.24. C-Craft, Llog, and Blind Bay also agree that the last services performed by C-Craft on State Lease 8416 was April 13, 1983, and the notice and petition were not filed until December 9, 1983. While La.R.S. 9:4861 creates a privilege, the dispute in this case centers around the interpretation of La. R.S. 9:4862 which provides for filing of notice of the claim of privilege and a time limitation for doing so. Hence, the only issue is whether C-Craft has lost its privilege because it did not file a notice claiming the privilege within 90 days after it performed its last towing and barge services. La.R.S. 9:4862 has since been amended, but at the time C-Craft performed the towing and barge services the pertinent part of the statute said:
If a notice of such claim or privilege * * * is filed for record and inscribed in the mortgage records of the parish where the property is located * * * within ninety days after the last day of the doing, making, or performing of such trucking, towing, barging or repairing,... the privileges are superior to all other privileges or mortgages, except taxes or a bona fide vendor's privilege, or privileges or mortgages filed or recorded prior to the date on which the first labor, service, trucking towing, barging * * * is performed.
C-Craft interprets the statute to mean that if notice is filed within ninety days, the privilege is superior to other privileges and mortgages except those given express priority in the statute, and C-Craft argues there is no time limitation within which notice of the claim of privilege must be filed or be lost. Stated in other words, the ninety day limitation is relevant only to the ranking of privileges, and notice of a claim of privilege can be filed at any time without limitation whatsoever.
The literal terms of the statute"the privileges are superior" and two court decisions, Continental Casualty Co. v. Associated Pipe & Supply Co., 447 F.2d 1041 (5th Cir.1971) and Beacon Gasoline Co. v. Sun Oil Co., 455 F.Supp. 506 (W.D.La. 1978)all support C-Craft's position.
Nonetheless, Western Wireline Services, Inc. v. Pecos Western Corporation, 377 So.2d 892 (La.App. 4th Cir.1979), decided by this Court after Continental and Beacon, supports the position of Llog and Blind Bayunless notice is timely filed the privilege is lost. Although the majority did not say this straightforwardly, Western Wireline cannot stand for anything else. There is simply no other reason why that case held the privilege was lost. We believe Western Wireline is controlling. Considering the issue directly, Judge Lemmon in his concurring opinion in Western Wireline would have held that public policy considerations require "that a privilege, which confers an exceptional status in derogation of common rights, cannot exist indefinitely and must be protected within express time limitations." And more:

*243 If R.S. 9:4861 et seq. is interpreted to accord a privilege for an indefinite period, the statute is constitutionally infirm. Since a statute subject to interpretation must be construed in the manner which renders it to be constitutional, and since a statute granting a privilege must be interpreted strictly, the statute should be interpreted to require recordation within 90 days, not only for its ranking, but also for its validity.
337 So.2d at 896. A privilege is a harsh right, potentially causing economic losses to third parties who often are unaware of the claim. Statutes creating privilege are strictly construed. Louisiana National Bank of Baton Rouge v. Triple R Contractors, 345 So.2d 7 (La.1977). An unrecorded privilege cannot exist indefinitely.
Moreover, as we have said above, La.R.S. 9:4862 was amended in 1983 after our decision in Western Wireline, to substitute one hundred eighty days for ninety days as the time limitation. Thus the Legislature had an opportunity to consider again the statute creating the privilege. It did not change the pertinent language to make clear that the privilege was to exist indefinitely; thus it did not statutorily overrule Western Wireline. We also decline to overrule it.
We do not find it necessary to decide if the time limitation is one of prescription that liberates property from the claim of privilege or if the limitation is peremptive and C-Craft has no cause of action because the privilege was not timely filed. We simply hold the privilege is lost if notice of the claim is not filed in the mortgage records within the time limitation of La.R.S. 9:4862.
AFFIRMED. All cost of appeal to be paid by C-Craft Marine Services, Inc.
WILLIAMS, J., dissents with reasons.
WILLIAMS, Judge dissenting.
The majority bases its opinion on a strained interpretation of Western Wireline Services, Inc. v. Pecos Western Corporation, 377 So.2d 892 (La.App. 4th Cir. 1979), which seems to require recordation within ninety (90) days to preserve not only the superior ranking of the privilege, but the privilege itself. I disagree.
In Continental Casualty Co. v. Associated Pipe & Supply Co., 447 F.2d 1041 (5th Cir.1971), the United States Fifth Circuit Court of Appeals found that the failure to record forfeits the priority of the lien only and that if the privilege is filed later it should be given full effect from the date of recordation losing only its superior rank. The reasoning as expressed by the United States Fifth Circuit is a more logical and reasonable interpretation of the statutes in question.
The only issue which remains to be resolved is the interpretation of La.R.S. ann. 9:4865 which provides that the privilege is lost unless suit is filed within one year from the date of recordation. This statute appears to require recordation, however, I believe that this one year period merely provides an outer limit for exerting the privilege, that is, one year plus the recordation period; and, if the privilege is unrecorded, the supplier has one year from the last service performed to exert the privilege. Interpreting the statute in this way would be most equitable to the supplier while still protecting the owner and third parties from hidden claims. Whichever way the statute is interpreted, C-Craft recorded the claim within one year of C-Craft's service and, thereby, the lien should stand, but not the superior rank.
Therefore, I respectfully dissent.