486 So.2d 776 (1986)
LOUISIANA MATERIALS CO., INC.
v.
ATLANTIC RICHFIELD COMPANY.
No. CA-3921.
Court of Appeal of Louisiana, Fourth Circuit.
March 12, 1986.
Rehearing Denied April 16, 1986.
Writ Granted May 29, 1986.
Milling, Benson, Woodward, Hillyer, Pierson & Miller, Neal D. Hobson, William T. *777 Finn, Appeal Counsel, John F. Landrum, New Orleans, for La.Materials Co., Inc. (plaintiff-appellant).
Liskow & Lewis, John M. Wilson, Frank E. Massengale, James D. McMichael, Appeal Counsel, New Orleans, for Atlantic Richfield Co. (defendant-appellee).
Before CIACCIO, WARD and WILLIAMS, JJ.
WILLIAMS, Judge.
This is an appeal by plaintiff Louisiana Materials Company from the trial court's maintaining of exceptions of no cause of action filed by defendant Atlantic Richfield Company ["ARCO"].
Between August 17 and 23, 1983, plaintiff Louisiana Materials delivered clam shells to Luke Construction Company ["Luke"], a general contractor for ARCO. The primary function of the shells was to provide support for a pipeline which ran from a petroleum plant in Plaquemines Parish out to an oil well situated in the Gulf of Mexico on the Outer Continental Shelf. The area on which the well was located was leased by ARCO from the Department of the Interior. Luke declared bankruptcy before Louisiana Materials was paid for the clam shells. Louisiana Materials filed a lien affidavit against ARCO on August 22, 1984 for $13,501.53. ARCO filed exceptions of no cause of action which were granted by the trial judge. Louisiana Materials asserts that it can recover under either the Louisiana Oil Well Lien Act ["Well Lien Act"], La.R.S. 9:4861, et seq. or the Louisiana Private Works Act, La.R.S. 9:4801, et seq. and for this reason the trial court erred in granting ARCO's exceptions of no cause of action.
LOUISIANA OIL WELL LIEN ACT
The Well Lien Act, La.R.S. 9:4861, et seq. provides in part:
B. Any person who ... furnishes any fuel, drilling rigs, standard rigs, machinery, equipment, material or supplies for or in connection with the drilling of any well or wells, or for in connection with the construction, operation or repair of any flow lines or gathering lines, regardless of their length, and any other pipeline owned by the producer, operator or contract operator of the well or wells ... has a privilege on all oil or gas produced from the well or wells and the proceeds thereof inuring to the working interest therein and on the oil, gas or water well or wells and the lease whereon the same are located, and on all drilling rigs, standard rigs, machinery, appurtenances, appliances, equipment, buildings, tanks, pipelines, flow lines, gathering lines and other related equipment ... thereto attached for drilling, equipment and operation of the well or lease, and rights-of-way in the case of a gathering line, flow line or other producer, operator or contract operator owned pipeline.
Defendant ARCO argues that plaintiff cannot avail itself of this remedy because the pipeline which is supported by the shells lies on the Outer Continental Shelf and, therefore, is not governed by the Well Lien Act. Furthermore, ARCO argues that the Well Lien Act is inapplicable to those portions of the pipeline that lie outside of the leased property.
APPLICABILITY OF WELL LIEN ACT TO PROPERTY LOCATED ON THE OUTER CONTINENTAL SHELF
The trial court ruled that the Well Lien Act does not apply to property located on the Outer Continental Shelf. The basis for the ruling was the decision of the Louisiana Supreme Court in P.H.A.C. Services, Inc. v. Seaways International, 403 So.2d 1199 (La.1981). In P.H.A.C. the court held that a building fabricated in Louisiana for use as crew quarters for an oil well and located on the Outer Continental Shelf off the coast of Texas was not subject to being liened pursuant to the Well Lien Act. ARCO argues that this decision is applicable to the present case. We disagree.
43 U.S.C. 1333(a)(2)(A) provides in part:
To the extent that they are applicable and not inconsistent with ... Federal laws and regulations ... the civil and criminal laws of each adjacent State ... are declared to be the law of the United *778 States for that portion of the subsoil and seabed of the Outer Continental Shelf, and artificial islands and fixed structures erected thereon, which would be within the area of the State if its boundaries were extended seaward to the outer margin of the Outer Continental Shelf....
In Bourg v. Texas Oil Co., 578 F.2d 1117 (5th Cir.1978), the court held that this section affords a plaintiff any negligence, contractual, or strict liability action provided for by state law. See also Taylor v. Fishing Tools, Inc., 274 F.Supp. 666 (E.D.La. 1967).
In Continental Casualty Co. v. Associated Pipe & Supply Co., 279 F.Supp. 490 (E.D.La.1967), aff'd in part, vacated in part 447 F.2d 1041 (5th Cir.1971), the court held that the Well Lien Act is applicable to an oil pipeline on the Outer Continental Shelf, pursuant to 43 U.S.C. 1333(a)(2)(A).
P.H.A.C. is not in conflict with these federal decisions. The property in question in P.H.A.C. was located off the Texas coast, and, therefore, would not be subject to any Louisiana law. Any attachment of property in that case should have been accomplished by means of Texas law.
We conclude that the Well Lien Act is applicable to that property located on the Outer Continental Shelf off the Louisiana coast pursuant to 43 U.S.C. 1333(a)(2)(A).
APPLICABILITY OF THE WELL LIEN ACT TO PROPERTY NOT LOCATED ON THE LEASED PROPERTY
ARCO argues that Louisiana Materials is not entitled to file a lien against property that is not located on the leased premises. It bases this argument on several cases which address applicability of the Well Lien Act to property on leased premises. None of these cases are concerned directly with the issue of property that is attached to the drilling equipment or oil well but not located on any leased property. Reading the Well Lien Act, we cannot find any prohibition against allowing a lien to be filed against property located outside of the leased premises.
For these reasons, we find that the property located both on and outside of the lease granted ARCO and that the property located both on and off of the Outer Continental Shelf off the Louisiana coast are subject to the Well Lien Act.
PRESCRIPTION
ARCO has filed an exception of prescription, alleging that the lien affidavit was not filed timely by Louisiana Materials, on the basis of this court's decision in C-Craft Marine Services, Inc. v. LLOG Exploration Co., 470 So.2d 241 (La.App. 4th Cir.) (Williams, J. dissenting), writ den. 472 So.2d 921 (La.1985).
In C-Craft, this court held that a lien affidavit executed pursuant to the Well Lien Act must be filed within 180 days. The Louisiana Supreme Court refused to consider the decision of this court. On this appeal, Louisiana Materials urges that we reconsider our opinion in C-Craft and reverse our previous position. Plaintiff, however, presents no new or compelling reasons why we should reverse ourselves at this time. We, therefore, decline to reconsider the C-Craft decision.
Louisiana Materials further argues that C-Craft should not be applied retroactively. Judicial decisions are generally applied retroactively. Lovell v. Lovell, 378 So.2d 418 (La.1979). The court should consider, however, three factors in making a determination of non-retroactivity:
(1) the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed;
(2) the merits and demerits must be weighed in each case by looking to the prior history of the rule in question, its purpose and effect and whether retrospective application will further or retard its operation; and
(3) the inequity imposed by retroactive application must be weighed. *779 Faucheaux v. Alton Ochsner Medical Foundation, 468 So.2d 720, 722 (La.App. 5th Cir.), rev'd on other grounds 470 So.2d 878 (La.1985). See also Cipriano v. City of Houma, 395 U.S. 701, 89 S.Ct. 1897, 23 L.Ed.2d 647 (1969).
Louisiana Materials argues that retroactive application of C-Craft would force inequitable results because the decision was not foreseen, i.e. "foreshadowed" and would result in loss of remedy. We disagree. C-Craft does not change the substantive law. It simply interprets the law as it always has existed. Furthermore, it is arguable that the decision in Western Wireline Services, Inc. v. Pecos Western Corp., 377 So.2d 892 (La.App. 4th Cir.1979) foreshadowed our decision in C-Craft. In Western Wireline, this court held that liens available to a claimant pursuant to the Well Lien Act are not of an indefinite duration and held that waiting twenty-seven months before filing precluded the assertion of a claim.
We also cannot accept appellant's statement that Western Wireline was "clearly accepted by both sides to this litigation as having far less meaning than the result in C-Craft." (Memorandum in Opposition to Defendant-Appellee's Exception of Prescription at 11). There is no evidence to support this statement other than ARCO's filing of the exception of prescription after C-Craft was handed down, which we do not find to be persuasive.
Unlike other decisions cited by Louisiana Materials that were only applied prospectively because of the inequities that resulted, C-Craft did nothing to change the law. As stated above, it did no more than to state what the existing law and procedure actually were. We cannot allow a spate of prescribed claims to be declared extant simply because claimants were not aware of the proper procedures.
For these reasons, we find that the claim asserted in the lien affidavit filed by Louisiana Materials pursuant to the Well Lien Act has prescribed.
LOUISIANA PRIVATE WORKS ACT
As an alternate theory, Louisiana Material asserts that it is allowed to recover under the Louisiana Private Works Act. La.R.S. 9:4801, et seq. We must reject this argument.
La.R.S. 9:4808(D) states that the Private Works Act does not apply to the drilling of oil, gas, and water wells or activities in connection with these wells that are covered by privileges granted by La.R.S. 9:4861 (Well Lien Act). It is clear, therefore, because we have decided that the Well Lien Act is applicable to the property at issue in this case, that Louisiana Materials cannot recover under the Louisiana Private Works Act.
For the foregoing reasons, we hold that the trial court was incorrect in maintaining the exceptions of no cause of action. Nevertheless, we maintain ARCO's exception of prescription, thereby dismissing this action.
REVERSED AND RENDERED.
WARD, Judge, Denial of Rehearing With Reasons.
I would deny the application for rehearing en banc. I note that certiorari was denied in C-Craft Marine by a 4-3 split of the Supreme Court, indicating active interest in the issue of the interpretation of the 180-day recordation period in the Oil Well Lien Act. Applicants have not indicated whether writs have been taken in the recent Third Circuit case, I.E. Miller of Eunice, Inc. v. Source Petroleum, Inc., 484 So.2d 239 (La.App. 3rd Cir.1986). Nonetheless, rather than grant a rehearing in this case, I believe the application should be denied so that the issue can be expeditiously presented to the Supreme Court for consideration along with the Miller decision.