499 So.2d 1189 (1986)
STATE of Louisiana
v.
Naomi LAINO.
No. 86-KH-327.
Court of Appeal of Louisiana, Fifth Circuit.
December 8, 1986.
Dorothy A. Pendergast, Asst. Dist. Atty., Research and Appeals, Gretna, for plaintiff-appellee.
Martha E. Sassone, Indigent Defender Board, Gretna, for defendant-appellant.
Before CHEHARDY, DUFRESNE and GOTHARD, JJ.
GOTHARD, Judge.
This appeal is from conviction for possession of cocaine.
On January 12, 1983, Naomi Laino was charged on a bill of information with possession of a controlled dangerous substance, over 400 grams of cocaine, in violation of LSA-R.S. 40:967. She was arraigned and pled not guilty. On December 15, 1983, the defendant went to trial and a twelve person jury found her guilty as charged. On March 28, 1984, she was sentenced to imprisonment at hard labor for fifteen years, without benefit of parole, probation or suspension of sentence. The defendant made an oral motion for appeal on that date, but the appeal was dismissed on January 17, 1985, on technical grounds. On September 18, 1985, she applied for post-conviction relief on grounds of ineffective counsel at trial, in that counsel had failed to pursue her claim that an amount less than 400 grams of cocaine was involved in the transaction. The trial court denied her motion. On April 9, 1986, upon her application for writs of review (86-KH-19) this court granted an out-of-time appeal and remanded the case to the trial court for the appointment of counsel.
The defendant does not appeal the jury's finding that she arranged for the sale to a Jefferson Parish narcotics agent, Gerrard Simone, of a pound of a mixture of cocaine and filler substances for a price of $36,000. *1190 She admitted meeting Simone in a parking lot, where he found her standing next to a car occupied by three men. When she asked him for the money he asked for the drug, whereupon one of the men showed Simone a sack of white powder from inside the car. The powder was determined to contain cocaine, but the defendant disputes the amount and resulting sentence.
The appellant's counsel makes no assignment of error but asks this court to examine the record for errors patent.
La. C. Cr. P. art. 920 provides that "the following matters and no other shall be considered on appeal: (1) An error designated in the assignments of errors; and (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." For the purpose of an error patent review the "record" in a criminal case includes the caption, the time and place of holding court, the indictment or information and the endorsement thereon, the arraignment, the plea of the accused, the bill of particulars filed in connection with a short form indictment or information, the mentioning of the impaneling of the jury, the minute entry reflecting sequestration in a capital case, the verdict, and the judgment or sentence. State v. Henney, 479 So.2d 15 (La. App. 5th Cir.1985), and cases cited therein.
The statute under which Laino was charged, LSA-R.S. 40:967(F), reads as follows:
F. (1) Except as otherwise authorized in this Part, any person who knowingly or intentionally possesses twenty-eight grams or more, but less than two hundred grams of cocaine or related substances as provided in Schedule II(A)(4) of R.S. 40:964, shall be sentenced to serve a term of imprisonment at hard labor of not less than five years, nor more than thirty years and to pay a fine of not less than fifty thousand dollars.
(2) Except as otherwise authorized in this Part, any person who knowingly or intentionally possesses two hundred grams or more, but less than four hundred grams of cocaine or related substances as provided in Schedule II(A)(4) of R.S. 40:964, shall be sentenced to serve a term of imprisonment at hard labor of not less than ten years, nor more than thirty years, and to pay a fine of not less than one hundred thousand dollars.
(3) Except as otherwise authorized in this Part, any person who knowingly or intentionally possesses four hundred grams or more of cocaine or related substances as provided in Schedule II(A)(4) of R.S. 40:964, shall be sentenced to serve a term of not less than fifteen years, nor more than thirty years, and to pay a fine of not less than two hundred fifty thousand dollars.
The defendant was not ordered to pay a fine. The penal portion of the statute has been held to be unconstitutional because it mandates a minimum fine without setting a maximum fine. State v. LeCompte, 406 So.2d 1300 (La.1981), on rehearing; appeal after remand 441 So.2d 249 (La.App. 4th Cir.1983), writ denied 446 So.2d 314 (La.1984). As the appellate court is prohibited from ruling upon an error patent that is in favor of the defendant, where neither side has complained, we need not address the constitutionality of the statute. State v. Viera, 449 So.2d 644 (La. App. 4th Cir.1984), writ denied 450 So.2d 962 (La.1984).

SUFFICIENCY OF EVIDENCE
Although the issue was not briefed by counsel on appeal, the defendant in her writ application questioned the sufficiency of the evidence to justify a verdict of guilty of possession of more than 400 grams of cocaine. She maintained that she was in possession of only one-third of the amount of cocaine with which she was charged and was entitled to receive a lighter sentence under the statute. As the writ application is the basis for this appeal, this court may address the issue. State v. Raymo, 419 So.2d 858 (La.1982). Accordingly, this court must decide whether the statute under which the defendant was convicted refers to the weight of pure cocaine or the *1191 total weight of the preparation containing the cocaine.
LSA-R.S. 40:967(F) refers to cocaine as defined in Schedule II(A)(4) of R.S. 40:964, which reads as follows:
A. Substances of vegetable origin or chemical synthesis. Unless specifically excepted or unless listed in another schedule, any of the following substances whether produced directly or indirectly by extraction from substances of vegetable origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis:
. . . . .
(4) Coca leaves, ecgonine and any salt, isomer, salt of an isomer, compound, derivative, or preparation of coca leaves, cocaine or ecgonine and any salt, isomer, salt of an isomer, compound, derivative, or preparation thereof which is chemically equivalent or identical with any of these substances, except that the substances shall not include decocainized coca leaves or extraction of coca leaves, which extractions do not contain cocaine or ecgonine.
At trial, Milton Dureau, a forensic chemist in the crime laboratory of the Jefferson Parish Sheriff's Office, was accepted as an expert in chemistry. He testified to having analyzed and checked the packet in question for the presence of cocaine. He determined that the net weight of the powder was 452 grams (slightly less than one pound) and it contained approximately 33.6% pure cocaine by weight. He did not test the filler material. When questioned by counsel for the State, Dureau stated that he had seen samples of 100% cocaine "on very, very rare occasions." He testified that the percentages of cocaine in samples he had tested varied widely, from as little as 2% or 3% to as much as 98% or 99%.
In a drug conviction where the issue of calculating weight was raised, State v. Diaz, 461 So.2d 1099 (La.App. 5th Cir. 1984), the defendants were convicted of possession of marijuana in excess of 100 pounds but less than 2,000 pounds in violation of LSA-R.S. 40:966(E). The court held that the defendants had a statutory right to a jury instruction allowing the jury to return a verdict of guilty of the lesser offense of possession of less than 100 pounds of marijuana, as the severity of the punishment is regulated by the amount of the drug possessed. The court pointed out that there were discrepancies in the weighing of the marijuana bales. Three different amounts were testified to at trial and, as explained in footnote 4, page 1107:
... Because the scales were not calibrated, and because the marijuana was mixed with debris and contained stalks and seeds not classified as a controlled substance, it is apparent the amount possessed is dependent upon the credibility of the witnesses and the efficiency of the separation and weighing. This is obviously a jury question.
The mature stalks of marijuana are specifically excluded in the definition appearing in L.S.A.-R.S. 40:961(22)!
(22) "Marijuana" means all parts of plants of the Genus Cannabis, whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds or resin, but shall not include the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture, or preparation of such mature stalks (except the resin extracted therefrom), fiber, oil, or cake, or the sterilized seed of such plant which is incapable of germination. (Emphasis supplied.)
In a bale of marijuana the excluded elements are discernible visually. Cocaine as sold on the street is in powder form and almost invariably mixed with another substance. In whatever proportion of the drug to the filler it is prepared, the powder is ingestible and the customer pays for its aggregate weight. For these reasons, we find that the facts of State v. Diaz, supra, *1192 and those of the case before us are distinguishable. We believe that the definition of cocaine is intended to include any preparation which contains cocaine or ecgonine (an acid which is the essential element of cocaine), whether pure or cut with other ingestible material. The defendant was given the minimum term of imprisonment for the crime of which she was convicted. We find no error in the verdict or sentence.
Accordingly, for the reasons stated above the judgment appealed from is affirmed.
AFFIRMED.