538 So.2d 752 (1989)
STATE of Louisiana
v.
Carl NEWTON.
No. 88-KA-624.
Court of Appeal of Louisiana, Fifth Circuit.
February 15, 1989.
Martin E. Regan, Jr., New Orleans, for defendant/appellant.
Eric Honig, (Louise Korns, of counsel), Asst. Dist. Attys., Gretna, for plaintiff/appellee.
Before KLIEBERT, BOWES and GOTHARD, JJ.
BOWES, Judge.
The defendant, Carl Newton, and his wife, Anne Newton, were charged by bill of information with possession of cocaine in an amount over 200 grams in violation of LSA-R.S. 40:967. The defendant filed a motion to suppress which was heard on January 21, 1988 and March 7, 1988. At the close of the hearing, the motion was denied. The defendant and his wife were tried together before a twelve (12) person jury. The jury found Anne Newton not guilty and found the defendant guilty as charged. The trial court sentenced the defendant to ten (10) years at hard labor without benefit of parole, probation or suspension of sentence. The defendant then filed a motion for appeal. For the reasons *753 assigned, the conviction and sentence are affirmed.
The facts of this case are as follows. Based on information received from a confidential informant, a search warrant was issued to search the home of the defendant and his wife. On February 7, 1987, several police officers executed that search warrant. As a result, the following items were discovered: A tote bag containing a jar and three plastic bags containing all of the cocaine, which were located on a high closet shelf in the master bedroom; and, in the bedroom, a small wooden box containing two bags of cocaine and some drug paraphernalia, including a triple beam scale. The approximate gross weight of the cocaine was 375 grams.
Defendant presents four assignments of error:
1. Did the trial court err in denying the defendant's timely motion to quash the bill of information on the basis that the offense charged in the indictment was not committed by the defendants?
2. Did the State fail to prove an essential element of its case by not establishing beyond a reasonable doubt that the defendant possessed more than two hundred (200) grams of cocaine?
3A. Was the defendant denied his sixth amendment United States constitutional right to counsel by the fact that his attorney attempted to represent both the defendant and the defendant's wife, Anne Newton, who was being prosecuted for the same offense and as such the attorney placed himself in a position conducive to divided loyalties and thus rendered ineffective assistance of counsel?
3B. Was the defendant denied effective assistance of counsel because his attorney failed to move to continue the trial until the informant was made available for testimony?
Assignments of Error Numbers 1 and 2
The defendant was charged with and found guilty of possession of cocaine in an amount over 200 grams. A Senior Forensic Chemist with the Jefferson Parish Crime Lab testified at trial and stated that the total amount of packaged powder he examined was approximately 375 grams. Of that amount, 176.2 grams (accurate to two to three per cent) was actual cocaine, the remainder was inositol, a substance commonly used to cut cocaine. Based on these facts, the defendant argues that his motion to quash the information should have been granted because the evidence was insufficient to support a verdict of guilty of possession of cocaine in an amount over 200 grams. The defendant admitted in his testimony that he possessed the cocaine. However, it is his contention that the "amount of cocaine", as stated in LSA-R.S. 40:967, refers to the weight of the pure cocaine within the cocaine mixture and not to the gross weight of the cocaine mixture, including the inositol.
This court has previously decided that the reference to cocaine in LSA-R.S. 40:967 refers to the mixture itself instead of only the amount of actual cocaine within the mixture. In State v. Laino, 499 So.2d 1189 (La.App. 5 Cir.1986), this court stated: "We believe that the definition of cocaine is intended to include any preparation which contains cocaine or ecgonine ..., whether pure or cut with other ingestible material."
Accordingly, we hold that the trial court properly denied the defendant's motion to quash. Further, we hold that the evidence was sufficient to allow a rational trier of fact to believe, beyond a reasonable doubt, that the defendant was in possession of an amount of cocaine over 200 grams. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). This assignment lacks merit.
Assignment of Errors 3A and 3B
In these assignments, the defendant argues that the lack of effective assistance of counsel requires a new trial.
The defendant's first allegation of such ineffective assistance of counsel results *754 from counsel's failure to file a motion to sever the defendant's trial from that of his wife and in allowing the defendant to take the stand to testify that the cocaine seized belonged to him and that his wife had no knowledge of its presence in their home. The defendant also alleges that his attorney's failure to file a motion to continue the trial until the confidential informant, whose name was revealed at the motion to suppress hearing, could be located resulted in ineffective assistance of counsel.
Both of these arguments are premature. The appropriate avenue for asserting a claim for ineffective assistance of counsel is through post-conviction relief, not by direct appeal. State v. Truitt, 500 So.2d 355 (La.1987), and cases therein cited. This allows the district judge in a proper case to order a full evidentiary hearing on the matter. State v. Ratcliff, 416 So.2d 528 (La. 1982). While the Louisiana Supreme Court has addressed the issue on direct appeal in several cases, it appears to have done so only where "... the record discloses [the] evidence needed to decide the issue of ineffective assistance of counsel," noting that such a procedure was "in the interest of judicial economy." State v. Ratcliff, supra.
However, in the case before us, in Assignment of Error Number 3A, it is alleged that his right to counsel under the 6th Amendment of the United States Constitution was violated because his attorney attempted to represent his wife, also, who was being prosecuted for the same thing that he was at the same time, thus creating divided loyalties and a conflict of interest. Unfortunately, we are unable to determine, from the sparse facts in the record concerning this assignment, if the situation was one in which a conflict of interest actually did exist on the part of counsel. Consequently, an evidentiary hearing is necessary.
Likewise, concerning defendant's assignment of error number 3B, the argument that counsel was ineffective because he failed to file a motion or request for a continuance of the trial in order to locate the confidential informant cannot be decided from the facts in the record before us and an evidentiary hearing in this regard is also necessary.
We have reviewed the record for patent errors and found none which would require notice by this court. LSA-C.Cr.P. art. 920.
Accordingly, for the foregoing reasons, the defendant's conviction and sentence are affirmed. The defendant may urge the premature arguments mentioned above by a petition for post conviction relief.
CONVICTION AND SENTENCE AFFIRMED.