554 So.2d 269 (1989)
STATE of Louisiana, Appellee,
v.
Louis Diaz RODRIGUEZ, Appellant.
No. CR89-581.
Court of Appeal of Louisiana, Third Circuit.
December 13, 1989.
Writ Granted in Part March 30, 1990.
*270 Jack W. Jernigan, III, New Orleans, for appellant.
Robert Bryant, Beth Conrad, Asst. Dist. Attys., Lake Charles, for appellee.
Before FORET, DOUCET and LABORDE, JJ.
FORET, Judge.
Appellant, Louis Diaz Rodriguez, was found guilty of possession of 400 grams or more of cocaine and sentenced to serve 15 years at hard labor without benefit of probation, parole, or suspension of sentence and to pay a fine of not less than $250,000. Rodriguez appeals, alleging the following assignments of error:
I. The trial court erred in accepting the jury verdict of guilty because there is no sufficient evidence within the record to prove beyond a reasonable doubt or beyond all reasonable hypothesis of innocence that the defendant "knowingly and intentionally possessed" a controlled dangerous substance.
The evidence was seized in defendant's wife's automobile while the defendant was driving. We find that, under the Jackson v. Virginia, a rational trier of fact could have found that Rodriguez knowingly and intentionally possessed the controlled dangerous substance as required under La.R.S. 40:967 C.
Defendant claims there were discrepancies between the defendant's version and the narcotics officer's version of Rodriguez's statement subsequent to arrest. The trier of facts' factual determinations are entitled to great weight and will not be disturbed unless clearly contrary to the evidence. The jury's decision to believe the narcotics officer instead of Rodriguez is not clearly contrary to the evidence.
Therefore, this assignment of error lacks merit.
II. The trial court erred in allowing the use of evidence obtained unconstitutionally, in that the search and seizure was unreasonable and without probable cause.
One of the established exceptions to the requirements of both a warrant and probable cause is a search conducted pursuant to consent. State v. Raheem, 464 So.2d 293 (La.1985).
Rodriguez consented to the search of the vehicle he was driving. He signed a consent form and further testified at trial that he consented to the search of his car. There is no evidence that Rodriguez was intimidated or coerced into giving his consent to the search.
Additionally, Rodriguez failed to file a pre-trial motion to suppress the evidence under L.A.Cr.Cr.P. art. 703. Therefore, Rodriguez cannot now complain of an unconstitutional search and seizure. See, State v. Rios, 528 So.2d 163 (La.App. 3 Cir.1988), writ denied, 530 So.2d 83 (La. 1988); State v. Jenkins, 340 So.2d 157, 173 (La.1976). Regardless, any contention that the search and seizure were unconstitutional is negated by the defendant's voluntary consent to search the vehicle.
Therefore, this assignment of error is without merit.
III. The trial court erred when accepting the verdict of guilty because the State failed to prove that defendant did not obtain the drug pursuant to a valid prescription.
The burden of showing that the controlled dangerous substance is possessed pursuant to a valid prescription is on the defendant as an affirmative defense to the crime of possession. Woods v. Butler, 847 F.2d 1163 (5th Cir.1988). Obviously, this defense is available only for those Schedule II drugs which are capable of being prescribed. State v. Johnson, 513 So.2d 832 (La.App. 2 Cir.1987), writ denied, *271 519 So.2d 124 (La.1988). Defendant makes no allegation that cocaine is a prescription drug. This assignment has no merit. State v. Lewis, 427 So.2d 835 (La.1982).
IV. There was insufficient evidence to support a conviction of possession of "400 grams or more of cocaine" because the actual quantity was never established.
At trial, the State's expert testified that the package seized weighed 1,047 grams, and that the substance in the package "contained cocaine." The definition of "cocaine" for the purpose of the crime of possession, is intended to encompass any preparation which contains cocaine, whether pure or cut with other material. State v. Laino, 499 So.2d 1189 (La.App. 5 Cir. 1986); State v. Newton, 538 So.2d 752 (La. App. 5 Cir.1989). Therefore, this assignment has no merit.
V. The evidence offered for identification and used at trial against the defendant by the State, which was later not admitted into evidence, constitutes reversible error.
By this assignment of error, the defendant is referring to Trooper Heinen's report. Trooper Heinen testified as to the contents of her report although it was not offered into evidence.
Rodriguez failed to object to the report not being offered into evidence at trial, contrary to La.C.Cr.P. art. 841. Thus, any right to subsequently attack his conviction based on this alleged error was waived. State v. Marcell, 320 So.2d 195 (La.1975). Regardless, Rodriguez makes neither a factual nor legal argument to support his allegation that he was prejudiced and deprived of a fair and impartial trial due to the failure of this report being offered into evidence.
Therefore, this assignment of error lacks merit.
VI. Defendant's attorney at the trial court level rendered ineffective assistance of counsel.
Although raised and argued in brief, Rodriguez failed to perfect this assignment of error by filing it in the court record pursuant to La.C.Cr.P. art. 844 and 920. Therefore, it cannot be considered on appeal. State v. Spears, 350 So.2d 603 (La.1977); State v. Finley, 520 So.2d 1020 (La.App. 3 Cir.1987), writ denied, 524 So.2d 516 (La.1988).
Generally, a claim of ineffective assistance of counsel is more properly treated in an application for post conviction relief filed initially in the trial court where a full evidentiary hearing can be held. La.C. Cr.P. art. 930.3; State v. Prudholm, 446 So.2d 729 (La.1984); State v. Bouie, 532 So.2d 791 (La.App. 4 Cir.1988).
VII. Review for errors patent.
After review, no errors patent have been found. Therefore, this assignment of error lacks merit.

CONCLUSION
Based upon the foregoing, the conviction and sentence of Louis Diaz Rodriguez are affirmed.
AFFIRMED.