569 So.2d 5 (1990)
STATE of Louisiana, Plaintiff-Appellee,
v.
Louis Diaz RODRIGUEZ, Defendant-Appellant.
No. Cr89-581.
Court of Appeal of Louisiana, Third Circuit.
October 10, 1990.
Rehearing Denied November 26, 1990.
John Navarre, Oakdale, for defendant-appellant.
Robert Bryant, Beth Conrad, Asst. Dist. Attys., Lake Charles, for plaintiff-appellee.
Before DOMENGEAUX, C.J., and FORET and KNOLL, JJ.
KNOLL, Judge.
The Louisiana Supreme Court remanded this case for our reconsideration of Rodriguez's contention that the State failed to present sufficient evidence of the quantity of pure cocaine seized. See State v. Rodriguez, 558 So.2d 595 (La.1990). In particular, we were asked to reconsider our resolution of that issue in light of its recent per curiam opinion in State v. Newton, 545 So.2d 530 (La.1989). We affirm.
In State v. Newton, the Louisiana Supreme Court stated:
"La.R.S. 40:967(F) authorizes increased punishment for possession of `cocaine or related substances as provided in Schedule II(a)(4) of R.S. 40:964....' La.R.S. 40:964 Schedule II(A)(4) defines the particular substance as `[c]oca leaves, cocaine, ecognine ..,' together with its salts, isomers, derivatives or preparations, `which [are] chemically equivalent or identical with ... [coca leaves, cocaine or ecognine]....'
* * * * * *
La.R.S. 40:967(F) predicates punishment upon the weight in varying amounts of `grams ... of cocaine or related substances...,' as defined in Schedule II of *6 R.S. 40:964. In the absence of legislative intent to the contrary, we read R.S. 40:967(F) no more broadly than the definition of cocaine provided by R.S. 40:964, Schedule II(A)(4). The defendant's punishment therefore depends upon grams of cocaine or related substances by weight and not upon the weight of the preparation or mixture containing the cocaine or related substance."

SUFFICIENCY OF THE EVIDENCE
Defendant contends that since drugs are "cut" with other substances to maximize profit, the State failed to offer sufficient evidence to prove that he possessed 400 or more grams of pure cocaine.
In defendant's initial appeal, we summarily found no merit to defendant's contention. In reaching that conclusion, we relied upon State v. Laino, 499 So.2d 1189 (La. App. 5th Cir.1986), and State v. Newton, 538 So.2d 752 (La.App. 5th Cir.1989), the precursor appellate decision which the Supreme Court reversed in State v. Newton above, for the proposition that "[t]he definition of `cocaine' for the purpose of the crime of possession, is intended to encompass any preparation which contains cocaine, whether pure or cut with other material." Thus, even assuming the correctness of defendant's contention, we rejected defendant's argument on the basis of the appellate decisions in State v. Laino and State v. Newton, without detailing the evidence presented at trial. In light of the Louisiana Supreme Court's reversal of the two appellate cases relied upon by us in our earlier disposition of this issue, we now must reassess defendant's contention in light of the record developed at trial.[1]
The standard for appellate review in determining the sufficiency of the evidence is whether after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Richard Donahoe, the expert in forensic chemistry who examined the white powder seized in the case sub judice, testified for the State. Donahoe determined that the package weighed 1,047 grams. He described his testing procedure as follows:
"A ... After taking the package, I take a weight of it, to begin with, to find out how much is there, since this package is quite large. Then I take either a cut, or I try to get into the package itself. It's well taped and all. And then I take a sample of it from different areas around that package, and I do a chemical test which involves just a little chemical that we call cobalt thiocyanate which is used to do a spot test or screening. Then I take another sample and run that on the instrument I have.
Q. Those instruments that you have, what are they to determine?
A. I determine that this packetthis item contained cocaine.
Q. Do you know how many samples from the package you took, sir?
A. Roughly, four samples.
Q. From different areas of the package?
A. From different areas of the package.
Q. Were they all cocaine?

A. Yes." (Emphasis added.)
Later, on cross-examination by defense counsel, the following colloquy took place:
"Q. Okay. And, Officer, are you satisfied that this [referring to the package seized] is cocaine?
A. Yes, I am."
Defendant conjectures that "It is probable and likely that the drug was not pure. Commonly, in order to maximize profit, drugs are `cut' with other substances." We disagree. Defendant overlooks the fact that the State proved its case-in-chief that the cocaine was "pure." Defendant did not refute this fact, nor does the record *7 suggest that the cocaine was anything other than "pure" cocaine.
Defendant hypothesizes and makes conjectures about the composition of the cocaine seized in the present case, but points to no evidence in the record which would support his speculation. From the outset we note that defendant elicited no testimony from the State's forensic chemist that the cocaine was mixed with other legal substances. Furthermore, even though Sergeant Jerome Sigur of the Louisiana State Police was qualified by the State as an expert in the field of narcotics investigations, and testified at length about the packaging and sale of cocaine on the street, defendant never asked him to address the question of whether or not cocaine is ever sold "uncut", i.e., free of other substances. Moreover, well in advance of trial, the State granted defendant authority to scientifically test tangible objects connected with this case which was in the possession of either the Louisiana State Police or the Calcasieu Parish Sheriff's Office. Despite the State's discovery authorization and the withdrawal of the package of cocaine by defense counsel from the evidence room just prior to trial, no testimony was presented by defendant of any scientific testing which would have disproved the unrefuted State evidence that the package seized was cocaine. Therefore, we find no evidence of record which would even question that the substance at issue was anything but pure cocaine.
Further, in making this determination, we find that State v. Laino and State v. Newton are factually distinguishable. In Laino, as well as Newton, the forensic chemist specifically testified that the substance seized was not pure cocaine. In the present case, the forensic chemist made no mention of the presence of a substance other than cocaine. Likewise, as noted in the appellate decision in State v. Newton, the trial judge instructed the jury, over defense objection, that the definition of cocaine included "any preparation which contains cocaine, ... whether pure or cut with other ingestible material." In the case sub judice, unlike State v. Newton, the trial judge did not give any definition of "cocaine" to the jury in its instructions, and defendant did not raise an objection to the trial judge's choice not to define "cocaine". These factors further strengthen our conclusion that based on the facts presented herein, the Louisiana Supreme Court's decision in State v. Newton does not mandate a reversal of defendant's conviction.
Viewing the evidence in the light most favorable to the prosecution, we find that the only reasonable conclusion the jury could reach in the present case was that the State proved beyond a reasonable doubt that defendant was in possession of 400 or more grams of cocaine.
Therefore, this assignment of error is without merit.

DECREE
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
DOMENGEAUX, C.J., concurs and assigns reasons.
Foret, J., dissents and assigns written reasons for his dissent as to both the principal review and to Chief Judge DOMENGEAUX's concurring opinion.
DOMENGEAUX, Chief Judge, concurring.
I agree completely with Judge Knoll's treatment of this case resulting in the affirmation of defendant's conviction and sentence.
I believe additionally that Newton is not to be applied retroactively.
Newton was decided by the Louisiana Supreme Court on June 16, 1989. The case sub judice was tried on November 30, 1987, and defendant was sentenced on September 14, 1988long before the ruling in Newton.
We are not required to apply a newly decided case from a superior court retrospectively. Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965).
*8 Although it is a civil case, I find Louisiana Materials Co. v. Atlantic Richfield Co., 486 So.2d 776 (La.App. 4th Cir.1986), reversed on other grounds, 493 So.2d 1141 (La.1986), helpful because, without specifically saying so, it elaborates on Linkletter. Louisiana Materials Co. suggests three factors which should be addressed in making a determination of nonretroactivity:
"(1) [T]he decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed;
(2) the merits and demerits must be weighed in each case by looking to the prior history of the rule in question, its purpose and effect and whether retrospective application will further or retard its operation; and
(3) the inequity imposed by retroactive application must be weighed.

Faucheaux v. Alton Ochsner Medical Foundation, 468 So.2d 720, 722 (La.App. 5th Cir.), rev'd on other grounds 470 So.2d 878 (La.1985). See also Cipriano v. City of Houma, 395 U.S. 701, 89 S.Ct. 1897, 23 L.Ed.2d 647 (1969)."
Until the Louisiana Supreme Court's per curiam ruling in Newton, the only appellate case which dealt with the issue of what constituted cocaine was State v. Laino, 499 So.2d 1189 (La.App. 5th Cir.1986). In Laino, the Fifth Circuit concluded that the definition of cocaine was intended to include any preparation which contained cocaine, whether pure or cut with other ingestible material. Thus, at the time Rodriguez, our defendant herein, was tried, Laino was the only interpretive appellate decision available to the State. In this regard, it is clear that Newton, a case of first impression for Louisiana's Supreme Court, overruled the only precedent relied upon by the State, and therefore constitutes a substantive change which should not be applied retroactively.
I find that Laino applied a very realistic approach to its understanding of the definition of cocaine. From a reading of the jurisprudence, it is clear that cocaine is never sold uncut, State v. Elzie, 343 So.2d 712 (La.1977), and that the legislative prohibition applied to the sale and possession of cocaine, i.e., what is actually transported, as well as what is actually bought and sold on the street. Therefore, I find that the retrospective application would retard the meaning and intent of the legislatively enacted prohibition against possession and/or marketing cocaine whether it be in pure form or adulterated with filler.
Lastly, I can foresee that the retroactive application of Newton will literally flood the courts with post-conviction writs wherein similarly situated defendants will seek the reversal of their convictions on the basis that the State failed to differentiate the amount of pure cocaine from that which was filler.
For the above reasons, I respectfully concur.
FORET, Judge, dissenting:
I respectfully dissent from the majority opinion, on remand, and from the concurring opinion filed by Chief Judge Domengeaux.
The Supreme Court remanded this case to us for "reconsideration of Assignment of Error No. 4, relative to the actual weight in grams of the cocaine seized in light of State v. Newton, .... In all other respects the application is denied." Defendant alleged, as Assignment of Error No. 4, that there was insufficient evidence to support a conviction of possession of "400 grams or more of cocaine" because the actual quantity was never established. I agree that the actual quantity was never established. In Judge Knoll's majority opinion, she quotes language adduced at trial. Nowhere in that testimony are the words "pure cocaine" used. The witness testified that he took samples of the package from four different locations and that the samples contained cocaine; not that the package contained pure cocaine. Therefore, under Newton, the evidence is insufficient to establish that the package contained 400 or more grams of pure cocaine. *9 The State failed to carry its burden of proof.
As to the retroactivity issue which is not brought up in Judge Knoll's opinion, but discussed by Chief Judge Domengeaux in his concurring opinion, I could not disagree more. The very fact that the Supreme Court remanded the matter to us for consideration of Assignment of Error No. 4 in the light of Newton (and for no other reason) is clear enough to me. If the Supreme Court had not considered Newton to be retroactive, they would not have remanded. To complicate the issue by citing a civil case, Louisiana Materials Co. v. Atlantic Richfield Company, is inappropriate. Regardless of what Linkletter v. Walker says, I believe that the Louisiana Supreme Court intended to apply Newton retroactively in this particular situation.
I therefore respectfully dissent. I would find that the evidence does not support Rodriguez's conviction of possession of 400 grams or more of cocaine, but that it does support a conviction for possession of an indeterminate amount of cocaine, a violation of La.R.S. 40:967(C)(2). Accordingly, I would remand the case for resentencing in accordance with that finding.
NOTES
[1] Since we dispose of defendant's contention on the grounds that the evidence was void of any hint that the cocaine was cut with other ingestible material, we do not reach the question of whether the Louisiana Supreme Court decision in State v. Newton is applicable retroactively.