470 So.2d 878 (1985)
Wilbert P. FAUCHEAUX
v.
ALTON OCHSNER MEDICAL FOUNDATION HOSPITAL AND CLINIC, et al.
No. 85-C-0968.
Supreme Court of Louisiana.
June 17, 1985.
PER CURIAM.
Writ granted. The judgments of the court of appeal, 468 So.2d 720 (La.App. 1985), and the trial court are reversed and the case is remanded for trial.
The lower court rulings purporting to interpret the effect of the decision by this court in DeBattista v. Argonaut-Southwest Ins. Co., 403 So.2d 26 (La.1981), are conspicuously erroneous. This court held in DeBattista that under Civil Code article 2315 a distributor of blood is strictly liable in tort when blood he places on the market creates an unreasonable risk of harm to others and, in fact, results in an injury or disease to a human being; and that Civil Code article 1764(B) abrogates nothing more than an action in contract based on the warranty of merchantability and fitness implied by sales of blood.
Subsequently, the legislature added Civil Code article 2322.1 and R.S. 9:2797 granting physicians, hospitals and blood banks immunity from strict tort liability for screening, processing, transfusion or medical use of blood and blood components of any kind which results in transmission of viral disease undetectable by appropriate medical and scientific laboratory tests. The alleged injury to Mr. Faucheaux in this case, however, occurred prior to the effective dates of the enactment of art. 2322.1 and R.S. 9:2797.
Accordingly, when Mr. Faucheaux's injury happened, he acquired a cause of action in strict tort liability under Civil Code article 2315 which is a vested property right protected by the guarantee *879 of due process. Lott v. Haley, 370 So.2d 521 (La.1979), Burmaster v. Gravity Drainage District No. 2, 366 So.2d 1381 (La.1978). The statutes enacted after the acquisition of such a vested property right, therefore, cannot be retroactively applied so as to divest the plaintiff of his vested right in his cause of action because such a retroactive application would contravene the due process guaranties. Terrebonne v. South Lafourche Tidal Control, 445 So.2d 1221 (La.1984); Lott v. Haley, supra.