487 So.2d 148 (1986)
Shirley Weber, wife of/and William WEBER, individually and on Behalf of their minor daughter, Gaynell Weber
v.
CHARITY HOSPITAL OF LOUISIANA AT NEW ORLEANS and Interstate Blood Bank of Louisiana, Inc.
No. CA 1853.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1986.
Rehearing Denied May 15, 1986.
*149 Orlando G. Bendana, Wayne H. Carlton, Jr., Bendana & Carlton, New Orleans, for Shirley Weber, wife of/and William Weber individually and on behalf of their minor daughter, Gaynell Weber, plaintiffs-appellants.
John C. Combe, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, for Interstate Blood Bank of Louisiana, Inc., defendant-appellee.
J. Thomas Nelson, New Orleans, for Charity Hosp. of Louisiana at New Orleans, defendant-appellee.
Mark C. Landry, Newman, Drolla, Mathis, Brady & Wakefield, New Orleans, for Thomas D. McCaffery, Jr., M.D., defendant-appellee.
Before CIACCIO, LOBRANO and ARMSTRONG, JJ.
CIACCIO, Judge.
Gaynell Weber was injured when the automobile driven by her mother, Shirley Weber, collided with an automobile driven by Jimmy Smith. Shirley Weber's negligence caused the collision. Gaynell Weber was taken to Charity Hospital where she received a blood transfusion during surgery necessitated by her injuries. Shortly after her release from the hospital, she developed type non-A non-B hepatitis.
Gaynell's parents, individually and on behalf of Gaynell, filed this action against Charity Hospital, who filed a third party demand against Interstate Blood Bank, the supplier of the blood given to Gaynell. The plaintiffs amended their original petition to add IBB as a defendant.
We review this case on remand from the Supreme Court, 475 So.2d 1047. Our original opinion affirmed the judgment of the district court which dismissed plaintiffs' suit, 459 So.2d 705. The district court based that dismissal upon a finding that defendants were solidary obligors with the original tortfeasor, Shirley Weber, through her insurers. After compromising their claim, plaintiffs released the original tortfeasor without specifically reserving their rights against defendants as required by La.C.C. Art. 2203 as it read at that time. The district court ruled, therefore, that defendants should be discharged. The Supreme Court agreed that defendants were solidary obligors with the original tortfeasor, but held that the language in plaintiffs' release of the original tortfeasor did not operate to discharge defendants. Accordingly, the Supreme Court reversed the decision of this court and the judgment of the district court, and remanded the matter to this court for our consideration on the record of all the other issues that were not addressed by the district court, including liability and quantum. In its opinion, however, the Supreme Court concluded that "the overall evidence established that the blood transfusion, more probably than not, was the cause of Gaynell Weber's hepatitis." We accept the Supreme Court's finding that the blood transfusion caused the hepatitis.
Gaynell received the blood transfusion near the end of the month of November, 1980. The timing is important because it allows plaintiffs to pursue a theory of strict liability against defendants as pronounced by DeBattista v. Argonoutsouthwest *150 Ins. Co., 403 So.2d 26 (La.1981), unaffected by the legislative grant of immunity from such liability provided by La. R.S. 9:2797 as enacted by Acts 1981, No. 331, and amended by Acts 1982, No. 204, and by La.C.C. Art. 2322.1, as enacted by Acts 1981, No. 611. See Faucheaux v. Alton Ochsner Medical Foundation Hospital and Clinic, 470 So.2d 878 (La.1985). Whether either defendant was negligent is immaterial to our determination of whether either or both should be held strictly liable.
The court held in DeBattista that under Civil Code article 2315 a blood bank distributor of blood is strictly liable in tort when blood it places on the market creates an unreasonable risk of harm to others and, in fact, results in an injury or disease to a human being. See Faucheaux, supra. By deciding, as noted above, that the transfusion caused Gaynell's hepatitis, the Supreme Court must have implicitly determined that the blood was defective, i.e. unreasonably dangerous to normal use. See De Battista, supra. IBB as the blood bank distributor of the defective blood is, under DeBattista, strictly liable to the plaintiffs.
Defendant IBB collected the blood from donors, processed it and sold it to defendant Charity, who purchased the blood in a closed system and simply administered it to the patient, charging a fee both for the blood and for the service. See Weber v. Charity Hospital, 475 So.2d 1047 (La.1985), footnote 5 at page 1052. In this case, Charity, as only an administrant of the blood, may not be held strictly liable. Any liability of Charity must be based on proof that Charity was negligent in handling or administering the blood. The record does not establish any negligence or fault as to Charity. We hold, therefore, that Charity is not liable to plaintiffs. Charity filed a third party demand for contribution or indemnity against IBB. Because we have held that Charity is not liable to plaintiffs, its demand for indemnity or contribution has been rendered moot.
Finally, we must consider an amount to award as compensation for the suffering which contracting hepatitis caused Gaynell. Plaintiffs' petition seeks non-itemized damages of five hundred thousand ($500,000) dollars. In their appellate brief, plaintiffs concede to finding only one other case dealing with damages for hepatitis, DeBattista, 410 So.2d 279 (La.App. 4th Cir.1982), writ denied, 412 So.2d 1097 (La.1982) and 427 So.2d 1208 (La.1983), wherein the court awarded fifteen thousand ($15,000) dollars. Plaintiffs claim a similar award would be appropriate.
From the evidence in the record Gaynell's hepatitis was a very mild case from which she recovered fully. The hepatitis, occurring during her convalesence from the injuries received in the accident and the surgery necessitated thereby, may have slowed and complicated her recovery, but apparently caused no serious difficulties. Treatment involved monitoring elevated enzyme levels which ultimately returned to normal and recommending bed rest. Gaynell did suffer from some nausea and vomiting.
Gaynell's history contrasts with that of Mrs. DeBattista, who endured hospitalization and prescription of multiple medications, intravenous fluids and proper diet.
We find that five thousand ($5,000) dollars amply compensates plaintiffs. Accordingly, judgment is rendered in favor of plaintiffs and against defendant Interstate Blood Bank of Louisiana, Inc. for the sum of five thousand ($5,000) dollars together with legal interest from the date of judicial demand until paid. Plaintiffs' demand against Charity Hospital of Louisiana at New Orleans is dismissed. Charity's thirdparty demand against IBB is dismissed as moot. Defendant-appellee Interstate Blood Bank of Louisiana, Inc. is to bear all costs of these proceedings.
RENDERED ON REMAND.