| iTHIBODEAUX, Judge,
dissenting.
The plaintiff contends that a lawsuit was initiated once he filed his claim with the medical review panel on October 15, 1992. Plaintiff suggests that “suit,” as stated in La.R.S. 13:5105(A), actually refers to a “claim” or “cause of action.” Plaintiff further alleges he timely filed suit under the pre-amended version of La.R.S. 13:5105(A). Therefore, plaintiff argues that DHH should not be permitted to request a trial by jury. I agree.
Prior to a 1993 amendment, La.R.S. 13:5105(A) read: “No suit against a political subdivision of the state shall be tried by jury.” As amended by 1993 La. Acts 993, § 1, La.R.S. 13:5105(A) provides:
|2No suit against a political subdivision of the state shall be tried by jury. Except upon a demand for jury trial timely filed in accordance with law by the state or a state agency or the plaintiff in a lawsuit against the state or state agency, no suit against the state or a state agency shall be tried by jury.
This provision became effective January 1, 1994, and it was not to apply retroactively to any suit filed before that date. 1993 La. Acts 993, § 2.
Louisiana Civil Code Article 10 states, “[wjhen the language of the law is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law.” Also, “where a statute is ambiguous and suscepti *302 ble of two constructions, the courts will give that construction which best comports with the principles of reason, justice, and convenience, for it is to be presumed that the Legislature intended such exceptions to its language as would avoid its leading to injustice, oppression, or absurd consequences.” Thomas v. Highlands Insurance Company, 617 So.2d 877, 878 (La.1993), citing State v. Standard Oil Co. of La., 188 La. 978, 178 So. 601, 626 (1937).
To determine whether a “claim” can be interpreted as a “lawsuit” for purposes of La.R.S. 13:5105(A), it is instructive to examine the requisite medical review procedure set forth in La.R.S. 40:1299.39.1.
As a jurisdictional prerequisite, La.R.S. 40:1299.39.1(A)(1) provides that all medical malpractice claims against the state or its agencies must be reviewed by a state medical review panel. The claim must be presented to a state medical review panel before a lawsuit can be instituted in any court. La. R.S. 40:1299.39.1(B)(l)(a)(i). Once a request for a review of claim is filed, prescription for instituting a suit is thereby suspended until an opinion is rendered by the medical review panel. La.R.S. 40:1299.39.1(A)(1).
13Any interested party may introduce evidence or conduct depositions in support of his claim. La.R.S. 40:1299.39.1(D). To assist in the taking of depositions, a party may request the clerk of any district court to issue subpoenas and subpoenas duces tecum. Id. Also, any opinion rendered by the medical review panel is admissible as evidence in a subsequent lawsuit. La.R.S. 40:1299.39.1(H).
Finally, in the computation of legal interest, the medical review procedure is included with any subsequent suit brought as pursuant to the same medical malpractice claim. In fact, La.R.S. 40:1299.39.1(K) states, “[f]or the purpose of the determination of interest, the medical malpractice panel procedure shall be considered equivalent to court procedures.”
Based on the integration of court procedures and jurisdictional requirements with the medical review process, numerous similarities exist between a “claim” and a “lawsuit.” Still, one must further examine the impact of both a “claim” and a “lawsuit” on preserving a party’s cause of action.
Generally, if a valid cause of action exists, a party may institute a lawsuit to redress the wrong or remedy the injury. A “lawsuit” is commenced with the filing of a petition in a court of competent jurisdiction. La.Code Civ.P. art. 421. In the context of a medical malpractice suit against the state or one of its agencies, a party must initially avail itself of a medical review panel before initiating a lawsuit in a court of competent jurisdiction.
Pursuant to La.R.S. 40:1299.39.1, a party must file a medical review claim to preserve his right to institute a subsequent lawsuit. Failure to comply with the requisite medical review results in the procedural exclusion of a lawsuit due to prematurity. A medical malpractice suit is not appropriately filed in a court of competent jurisdiction until either 1) the medical review panel renders an opinion, 2) Lboth parties agree to waive the medical review procedure, or 3) the medical review panel does not render an opinion within twelve months after panel selection. La.R.S. 40:1299,39.1(B).
In this case, the filing of a medical review claim is equivalent to the filing of a lawsuit, for purposes of La.R.S. 13:5105(A). Plaintiff timely filed his claim with the medical review panel on October 15, 1992. The filing essentially preserved plaintiffs medical malpractice suit. If plaintiff had failed to comply with La.R.S. 40:1299.39.1, his lawsuit could not have been properly maintained in a court of competent jurisdiction.
The remaining issue centers on which version of La.R.S. 13:5105(A) is applicable to the instant suit. Cole v. Celotex Corp., 599 So.2d 1058 (La.1992) is suggestive. In Cole, the Louisiana Supreme Court held that “[ojnce a party’s cause of action accrues, it becomes a vested property right that may not constitutionally be divested.” Id. at 1063. See also Crier v. Whitecloud, 496 So.2d 305, 308 (La.1986); Faucheaux v. Alton Ochsner Medical Foundation Hospital and Clinic, 470 So.2d 878, 879 (La.1985).
Specifically, the court stated, “statutes enacted after the acquisition of such a vested property right ... cannot be retroactively *303 applied so as to divest the plaintiff of his vested right in his cause of action because such a retroactive application would contravene the due process guaranties.” Cole v. Celotex Corp., 599 So.2d at 1063-64, citing Faucheaux v. Alton Ochsner Medical Foundation Hospital and Clinic, 470 So.2d 878, 879 (La.1985).
In this case, plaintiff’s cause of action arose on October 28,1991. At that point, the cause of action became a vested property right in favor of plaintiff. Plaintiff timely filed his claim prior to the 1993 amendment to La.R.S. 13:5105(A). |sConsequently, plaintiffs claim should be governed by pre-amended La.R.S. 13:5105(A). The subsequent amendment to La.R.S. 13:5105(A) does not divest plaintiff of this right.
Furthermore, by enacting 1993 La. Acts 993, § 2, the state legislature intended La. R.S. 13:5105(A) to become effective January 1, 1994. The legislature also mandated that La.R.S. 13:5105(A) not be applied retroactively to suits filed prior to January 1, 1994. Thus, provisions of the pre-amended version of La.R.S. 13:5105(A) were applicable. The majority errs in concluding otherwise.
For the foregoing reasons, I respectfully dissent.