764 So.2d 978 (2000)
Patricia RABY-MAGEE
v.
Paul R. MATZEN.
No. 98 CA 2364.
Court of Appeal of Louisiana, First Circuit.
March 31, 2000.
Bob H. Hester, Baton Rouge, Counsel for Plaintiff/Appellee Patricia Raby-Magee.
D. Bert Garraway, Paul R. Matzen, Baton Rouge, Pro se Defendant/Appellant.
Before: FOIL, GONZALES, WHIPPLE, FITZSIMMONS, and WEIMER, JJ.
WEIMER, J.
At issue in this suit is an alleged act of malpractice by plaintiff's attorney, Paul R. Matzen. Plaintiff, Patricia Raby-Magee, asserted that Mr. Matzen failed to file her suit timely in 1988. In an unpublished opinion, Raby v. Causey, 95-0191 (La.App. 1 Cir. 2/23/96), 670 So.2d 806, this court held that Ms. Magee's claim against Mr. Ronald Causey had to be filed on or before September 24, 1988, to avoid prescription. Mr. Matzen did not file the Causey suit until November 2, 1988. On December 31, 1996, Ms. Magee filed a suit for legal malpractice against Mr. Matzen. The trial court held in favor of Ms. Magee. Mr. Matzen appealed. We reverse and remand.
Louisiana Revised Statute, Title 9, Section 5605 governs the time limitations for legal malpractice. LSA-R.S. 9:5605(B) provides:
The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. However, with respect to any alleged act, omission, or neglect occurring prior to September 7, 1990, actions must, in all events, be filed in a court of competent jurisdiction and proper venue on or before September 7, 1993, without regard to the date of discovery of the alleged act, omission, or neglect. The one-year and three-year periods of limitation provided in Subsection A of this *979 Section are peremptive periods within the meaning of Civil Code [a]rticle 3458 and, in accordance with Civil Code [a]rticle 3461, may not be renounced, interrupted, or suspended.
Peremption may be raised by a party or by a court "at any time prior to final judgment." LSA-C.C. art. 3460. After a peremptive period has expired, a claim or right is extinguished. See LSA-C.C. art. 3458.[1]
Based on the provisions of LSA-R.S. 9:5605, discovery of malpractice or acquisitional knowledge of the malpractice does not apply to the three-year peremptive period.[2] Relative to the three-year peremption period, the period commences on the date of the malpractice. Thus, to begin the three-year peremptive period, the statute refers to only the date of the act of malpractice, not the date of discovery or the date the "`facts ripened into a viable cause of action sufficient to support a lawsuit[.]'" Reeder v. North, 97-0239, p. 7 (La.10/21/97), 701 So.2d 1291, 1296. The claimed act of malpractice was the failure to file timely in 1988. Under the statute, Ms. Magee had to file suit "on or before September 7, 1993, without regard to the date of discovery." LSA-R.S. 9:5605(B) (emphasis added). See Reeder v. North, 97-0239 at 6-9, 701 So.2d at 1295-1297. However, Ms. Magee's suit against Mr. Matzen was filed in 1996. Thus, Ms. Magee filed her suit after any claim or right she possessed expired based on peremption.
We believe the result is inequitable, but statutorily ordained based on the provisions of LSA-R.S. 9:5605.[3] We cannot alter the result without manipulating the statute. The legislature has made a policy determination that there is a three-year peremptive period which "may not be renounced, interrupted, or suspended." LSA-R.S. 9:5605(B). The Louisiana Supreme Court has applied the statute as written. See Reeder v. North, 97-0239 at 8, 701 So.2d at 1296, which noted the potential inequity. Unfortunately, when the Ms. Raby-Magee became aware malpractice had been committed, the three-year peremptive period had run.
The judgment against Mr. Matzen is reversed. In the interest of justice, because the parties did not initially address the applicability of peremption, we remand. See Reeder v. North, 97-0239 at 15-16, 701 So.2d at 1299.
REVERSED AND REMANDED.
GONZALES, J., agrees and assigns additional reasons.
FITZSIMMONS, J., dissents in part and assigns reasons.
GONZALES, J., agreeing and assigning additional reasons.
Since the issue of peremption was raised by this court on its own motion and was not argued at the trial court level, it is only fair to remand this matter to allow the *980 parties the opportunity to make their arguments on this issue.
Not only should the question of peremption be resolved by the trial court, but also the corresponding issue of vested rights.
Under Faucheaux v. Alton Ochsner Medical Foundation Hospital and Clinic, 470 So.2d 878 (La.1985), statutes enacted after the acquisition of a vested property right cannot be retroactively applied so as to divest the plaintiff of his vested right in his cause of action because such a retroactive application would contravene the due process guaranties.
The record in this case indicates that Ms. Raby-Magee's cause of action arose prior to the enactment of the peremption statute for legal malpractice.
FITZSIMMONS, Judge, dissenting, in part, with reasons.
I respectfully dissent from the remand. Peremption may be raised by a party or by a court "at any time prior to final judgment." La. C.C. art. 3460. The parties were made aware of the issue of peremption when the case was assigned to a five judge panel. Nothing was argued that would change the outcome. The parties did not attack the constitutionality of the statute in the court below, or exhibit any zest for such an argument before the five judge panel.
Ms. Magee's claim expired before she filed suit. Under Louisiana Revised Statutes 9:5605, it cannot be resurrected. To ameliorate the effect of peremption, the legislature provided a grace period for all claims arising before September 7, 1990. Thus, in this particular case, a remand serves no purpose.
It is the confection of ad hoc decisions based on sentiment that washes debris onto the beaches of the law. To raise the specter of a "second chance" in every case that is fatally flawed is to confuse litigants and lawyers. While subjective interpretation of law to achieve justice occupies a necessary and historical place in the law, it must be used sparingly. Nothing can be achieved in this case by noting that the law seems "inequitable." This is a sad case; yet, as Manilius stated in that obscure work Astronomica, "nascentes morimur": thus it is with the law of peremption.
NOTES
[1] After this matter was re-assigned to a five-judge panel and the court requested that the parties address the issue of peremption at reargument, Mr. Matzen filed "Defendant's Peremptory Exception of Prescription."
[2] LSA-R.S. 9:5605(A) provides for one-year and three-year periods which are referred to as peremptive periods in paragraph B. The one-year peremptive period commences when the malpractice occurs, "is discovered or should have been discovered."
[3] For an evaluation of the statute, see Jennifer Thornton, Comments, Louisiana Revised Statute Section 9:5605: A Louisiana Lawyer's Best Friend, 74 TUL. L. REV. 659, 683 (1999). The author notes:

Last, but not least, is the unfortunate potential for abuse by attorneys who have erred or acted negligently. With the continuous representation rule inapplicable, an attorney could easily continue to represent his client in a matter until the three-year period has run and the claim is perempted, although the fraud exception to section 9:5605 [contained in paragraph E] would most likely protect clients whose attorneys truly only pretend to represent them until the three-year period had expired. (Footnote omitted.)