848 So.2d 1 (2000)
Spencer SEAL, Sherry Seal and Donnie Seal
v.
ST. TAMMANY PARISH HOSPITAL SERVICE DISTRICT NO. 1 D/B/A St. Tammany Parish Hospital Sherry Dickerson Seal and Donnie Seal, Individually and on Behalf of Their Minor Children, Spencer Seal and Joshua Seal, and Mitchell Dickerson
v.
St. Tammany Parish Hospital Service District No. 1 D/B/A St. Tammany Parish Hospital
No. 99 CW 2914.
Court of Appeal of Louisiana, First Circuit.
January 27, 2000.
Order Denying Rehearing April 27, 2000.
WRIT GRANTED. The trial court's ruling of November 12, 1999, denying relator's Motion for Summary Judgment is hereby reversed and judgment is entered in relator's favor, dismissing plaintiffs' cause of action in strict liability. We find DeBattista v. Argonaut-Southwest Ins. Co., 403 So.2d 26 (La.1981) and Faucheaux v. Alton Ochsner Medical Foundation Hosp. And Clinic, 470 So.2d 878 (La.1985) to be distinguishable from this case as those decisions were rendered before the Hepatitis C virus had been discovered and concerned circumstances where the period of time between the blood transfusion, diagnosis of Hepatitis B, and the filing of suit was relatively short, and the Hepatitis virus complained of was known to exist at the time the transfusion was given. Because those circumstances do not exist in this case, the results in DeBattista and Faucheaux do not apply to this matter. See § 402A Restatement of Torts (2d), comment k. The only cause of action available to plaintiffs in this case is negligence.
WHIPPLE, J., dissents and would deny the writ. The res nova factual and legal issues presented in this writ application make this case improper for resolution by motion for summary judgment.
APPLICATION FOR REHEARING DENIED; MOTIONS TO FILE AMICUS CURIAE BRIEFS GRANTED.
*2 WHIPPLE, J., concurs in the granting of the motions to file amicus curiae briefs, but dissents from the denial of the rehearing as I would grant the application for rehearing and would reverse the majority opinion herein which originally granted the writ.
On rehearing, I would maintain the trial court's ruling denying the motion for summary judgment. The res nova factual and legal issues which were raised in the original writ application are inappropriate for resolution by motion for summary judgment. For this reason, the trial court's ruling which denied the motion for summary judgment should have been maintained.
WEIMER, J., concurs in the granting of the motions to file amicus curiae briefs, but dissents from the denial of the rehearing as I would grant the application for rehearing for the following reasons.
The factual distinctions previously relied on by this Court, in light of Branch v. Willis-Knighton Medical Center, 636 So.2d 211 (La.1994), cannot serve to defeat plaintiffs' strict liability claim in this case. Based on Branch and DeBattista v. Argonaut-Southwest Ins. Co., 403 So.2d 26 (La. 1981), I am constrained to find the law prior to the effective dates of LSA-R.S. 9:2797 and LSA-C.C. art. 2322.1 permits a plaintiff to assert a strict liability claim for damages allegedly sustained as a result of blood transfusions received prior to the effective dates of such legislation.[1]
If a strict liability claim exists in this matter, it must then be determined whether the "unavoidably unsafe" defense of comment k of Section 402(A) of the Restatement (Second) of Torts may be asserted.[2] No case has squarely faced this issue. In DeBattista, the court discussed the history of strict products liability claims in Louisiana and noted the similarity of the reasoning in Weber v. Fidelity & Cas. Co. of N.Y., 259 La. 599, 250 So.2d 754 (La.1971) to Section 402(A) of the Restatement (Second) of Torts, both of which contain an "unreasonableness" component. DeBattista, 403 So.2d at 30. After noting the several jurisdictions which abrogated the requirement that the defect be "unreasonably dangerous," the DeBattista Court specifically determined "that the requirement of an unreasonable risk as a condition to strict liability should be retained." DeBattista, 403 So.2d at 31.
In DeBattista, the defendants contended that the danger presented by the blood was reasonable because the screening test used to detect Hepatitis B, a known contaminant, was not one hundred (100%) percent effective, and that this relatively small percentage of unwholesome blood which the test could not detect was not unreasonably dangerous in comparison to the larger amount of blood which had properly been screened given the social utility of blood. DeBattista, 403 So.2d at 30. This is a different argument than is being presented by defendants in the instant case, i.e., that blood is unavoidably unsafe, and thus not unreasonably dangerous, when it is contaminated by an unknown and undiscovered virus for which a screening test did not exist at the time of the transfusion. That the defendants' arguments in DeBattista were rejected should not be interpreted to foreclose all arguments in which *3 the risk presented by blood is contended to be reasonable.
Although Branch involved an individual who allegedly contracted Hepatitis C as a result of a blood transfusion, the Supreme Court addressed a prescription issue. The Supreme Court did not address the issue of whether a blood transfusion given in 1976 and allegedly tainted with Hepatitis C is unreasonably dangerous or specifically what defenses were available. Whether a blood transfusion, contaminated with Hepatitis C when given in 1973, was unreasonably dangerous is a question of fact.
In sum, the plaintiffs are entitled to submit their case based on a theory of strict liability and the defendants are entitled to present a defense relative to whether a blood transfusion, given in 1973, which is alleged to be the cause of plaintiff's Hepatitis C, was "unavoidably unsafe." See Restatement of Law of Torts (Second) Section 402(A), comment k.
NOTES
[1] But see the dissent by Justice Blanche in DeBattista and Justice Lemmon in Branch.
[2] I note that this section has been changed with the Restatement (Third) of the Law of Torts. However, DeBattista and Branch relied upon the Restatement (Second) of the Law of Torts.