ON APPLICATIONS FOR REHEARING

ARMSTRONG, Judge.
The defendant’s application for rehearing is denied.
The plaintiffs application for rehearing is denied for the following reasons. In our opinion on original hearing, we applied the current versions of the blood shield statutes, La. Civ.Code art. 2322.1 and La. R.S. 9:2797, as they were amended in 1999, because each of those statutes contains a clause stating that they apply “without regard to the date when the alleged cause of action or other act, omission or neglect occurred”. However, the plaintiffs have pointed out, by their application for rehearing, that Act 1999, No. 539, which effected the 1999 amendments to the blood shield statutes, states that: “the provisions of this Act shall not affect any legal proceeding filed prior to the [June 30, 1999] effective date of this Act.” For reasons *7 unknown to us, this language was not included in the statutes themselves. In any event, the plaintiffs are certainly correct that, because their suit was filed in 1995, the current (1999) versions of the blood shield statute are not applicable to this case.
Instead, the versions of the blood shield statutes which were enacted in 1990, and which were in effect in 1994 when Mr. Ferrand died, and in 1995 when lathe plaintiffs filed suit, must be applied. Those 1990 versions of the blood shield statutes each state:
The screening, procurement, processing, distribution, transfusion, or medical use for human blood and blood components of any kind and the transplantation or medical use of any human organ, human tissue, or approved animal tissue by physicians, dentist, hospitals, hospital blood banks, and nonprofit community blood banks is declared to be, for all purposes whatsoever, the rendition of a medical service by each and every physician, dentist, hospital, hospital blood bank, and nonprofit community blood bank participating therein, and shall not be construed to be and is declared not to be a sale. Strict liability and warranties of any kind without negligence shall not be applicable to the aforementioned who provide these medical services.
The issue presented to us, which is not addressed in the statutory language, is the applicability of the statutes to a situation in which the blood transfusion occurred prior to the enactment of the statutes, but the death of the plaintiffs’ decedent occurred after the statutes were enacted. The plaintiffs argue that application of the 1990 blood shield statutes to the instant case constitutes an impermissible retroactive application. For the reasons stated below, we disagree.
Subsequent to our decision upon original hearing in this case, the Supreme Court issued a decision, Anderson v. Avondale Industries, Inc. 00-2799 (La.10/16/01), 798 So.2d 93, which is instructive as to the issue before us. Under Anderson, before addressing the issue of whether (in the absence of express statutory direction) a statute is substantive, so that it applies only prospectively, or is procedural or interpretive so that it applies both prospectively and retroactively, see La. Civ.Code art. 6, it must first be determined whether application of the statute in question to the case at hand actually constitutes “retroactive” application of the statute. Following Planiol’s treatise and its own prior decision in Walls v. American Optical Corp., 98-0455 (La.9/8/99), 740 So.2d 1262, the Anderson court explained that a statute is considered to operate “retroactively” only “when it goes back to the past either [1] to evaluate the conditions of the legality of an act, or [2] to modify or suppress the effects of a right already acquired”. The second situation is clearly not presented by the present wrongful death action because the plaintiffs acquired their rights to a wrongful death cause of action only upon the death of their decedent, Walls, 740 So.2d at 1270-71, which death post-dated the enactment of the 1990 versions of the blood shield statutes. Compare Faucheaux v. Alton Ochsner Medical Foundation and Clinic, 470 So.2d 878 (La.1985) (where injury to plaintiff occurred prior to enactment of blood shield statutes, application of the statutes to him would divest him of rights in contravention of due process). The question, thus, is whether the blood shields statutes “evaluate the legality of an act” in the past.
In the Walls decision, which was discussed in some detail with approval in the Anderson decision, the Supreme Court held that an amendment to the workers’ compensation statute, which extended the *8 “exclusive remedy” immunity to employer executive officers acting in the normal course and scope of their employment, when applied to cases arising from , pre-amendment acts of executive officers, did not go back into the past to evaluate the legality of past acts. This was because the immunity granted by the amendment was in the nature of an affirmative defense, and shielded certain classes of persons with respect to a specified type of activity, so that it was based upon their “status”. Consequently, the amendment was not a law governing conduct. Thus, in Walls, it was held that the amendment was not applied “retroactively” when it protected executive officers with respect to their pre-amendment acts.
I/The 1990 versions of the blood shield statutes are fairly analogous to the immunity amendment of the Walls case. Specifically, the statutes protect from strict liability certain classes of persons and entities with respect to specified types of activities, so that it is based upon their status. Consequently, the statutes are not laws governing conduct. Thus, the application of the statutes to a transfusion occurring prior to their enactment does not constitute “retroactive” application of the statutes. In sum, based upon Anderson and Walls, the 1990 versions of the blood shield statutes do apply in this case.

APPLICATIONS FOR REHEARING DENIED.