# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE

NEWS RELEASE #075

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **6th day of December, 2016**, are as follows:

**BY KNOLL, J.**:

2016-CA-0087    DANA JOHNO v. JOHN DOE, ET AL. (Parish of Plaquemines)

Accordingly, we affirm the District Court's finding that La. R.S. Section 9:2800.17 is unconstitutional as applied retroactively, because the plaintiff's causes of action accrued before effective date of the statue. We remand this matter for further proceedings consistent with this opinion.
AFFIRMED AND REMANDED.

SUPREME COURT OF LOUISIANA

NO. 2016-CA-0087

DANA JOHNO

VERSUS

JOHN DOE, ET AL.

ON APPEAL
FROM THE TWENTY-FIFTH JUDICIAL DISTRICT COURT
FOR THE PARISH OF PLAQUEMINES

**KNOLL, J.**

In this appeal, the District Court declared the immunity statute at issue, La. R.S. § 9:2800.17, unconstitutional as applied retroactively to the facts of this case.[1] The plaintiff, Dana Johno, filed suit against Plaquemines Parish Government ("PPG") and numerous other defendants alleging his house was unlawfully demolished by PPG and its agents after Hurricane Katrina. The plaintiff subsequently moved to have La. R.S. § 9:2800.17, which provided retroactive statutory immunity to the government and its agents for certain actions taken in the wake of Hurricane Katrina, declared unconstitutional. The District Court granted the plaintiff's motion. Significantly, the issue of immunity was **never** raised or argued by PPG. Only one of the defendants, Hard Rock Construction, LLC ("Hard Rock"), one of the contractors for PPG, has appealed the District Court's ruling. For the following reasons, we affirm.

---

[1] Although originally designated as La. R.S. § 9:2800.16, the statute at issue in this case was later renumbered to La. R.S. § 9:2800.17, and will be referred to as such for the purpose of this opinion. Additionally, this statute expired in 2008 and the section number has been reassigned to a different provision. The pertinent text of La. R.S. § 9:2800.17 is contained below on page two.

# FACTS AND PROCEDURAL HISTORY

The plaintiff alleges he was the owner of a house located at 183 Foster Lane in Buras, Louisiana, which house was physically moved by floodwater to 220 Perry Lane, an adjacent lot. He alleges he examined his house, was unable to remove valuable materials, and placed numerous signs on his house which stated "Do Not Demolish—Property of Dana Johno" with his phone number on the signs. The plaintiff alleges, and the defendants do not contest, that this house was demolished by contractors acting on behalf of PPG *before* the June 15, 2006 effective date of the act creating the immunity provision found in La. R.S. § 9:2800.17.[2] After the plaintiff filed suit for claims related to this demolition, including negligence, gross negligence, conversion and trespass, one of the contractor defendants asserted immunity under La. R.S. § 9:2800.17, which provided in pertinent part:

> A. (1) The state, or any political subdivision thereof, or any public entity, meaning and including the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees, and their agents, employees, contractors, volunteers, or representatives engaged in any operational decisions or activities in the aftermath of Hurricanes Katrina and Rita shall not be civilly liable for the death of, or any injury to, any person or damage to property as a result of such activity, except in the event of gross negligence or willful misconduct.

The statute's implementing act, Act 402 of the 2006 Regular Legislative Session, expressly states this provision applies retroactively:

> Section 2. The provisions of this Act shall have both prospective and retroactive application and shall be applied retroactively to August 29, 2005.

In turn, the plaintiff submitted a motion to declare La. R.S. § 9:2800.17 unconstitutional, providing notice to the Attorney General as required pursuant to La. R.S. § 13:4448. Two of the contractor defendants submitted oppositions to plaintiff's motion, and the Attorney General filed a memorandum in support of the

---

[2] The plaintiff alleges he discovered the house had been destroyed on January 11, 2006.

statute's constitutionality. After oral argument, the District Court took the matter under advisement. The District Court, quoting at length this Court's decision in *Burmaster v. Plaquemines Parish Government,* 07-2432 (La. 5/21/08), 982 So.2d 795, granted plaintiff's motion, stating in its Reasons for Judgment:

> Based on the Supreme Court's reasoning in *Burmaster,* it would be unconstitutional to retroactively apply La. R.S. 9:2800.17 as it existed from June 2006 to August 2008 to plaintiff's claims. Plaintiff's home was demolished prior to the effective date of the statute; thus, his cause of action accrued prior to the enactment of the statute. Because his cause of action accrued before the statute went into effect, it would be unconstitutional to apply the statute retroactively.

Hard Rock, alleged to be the supervising contractor in the demolition, filed supervisory writs to the Court of Appeal, which properly found it had no jurisdiction and transferred Hard Rock's application to this Court pursuant to La. Const. art. V. § 5(D). No other defendant, including PPG, has joined in this appeal; neither is the Attorney General appearing before us.

### DISCUSSION

Defending the constitutionality of the retroactive application of La. R.S. § 9:2800.17 to plaintiff's claims, Hard Rock insists that *Burmaster v. Plaquemines Parish Government,* 07-2432 (La. 5/21/08), 982 So.2d 795 is "easily distinguishable" because it involved a claim regarding failure to maintain a levee rather than a debris removal issue. Hard Rock avers the statute at issue does not negate any cause of action the plaintiff may have, but that it merely prescribes the method of enforcement of plaintiff's rights. We disagree.

We affirm the District Court's finding that this Court's decision in *Burmaster* is directly on point. The statute at issue in that case, designated as La. R.S. § 9:2800(H) and originating from La. Act 545 of 2006, provided in pertinent part:

> (1)  Notwithstanding any provision of law to the contrary, except for gross negligence or willful and wanton misconduct, no person shall have a cause of action based solely upon liability imposed for

3

Civil Code Articles 2317 and 237.1 against a public entity for any damages arising from hurricanes Katrina or Rita, including aftereffects of either hurricane and post hurricane restoration, repair, cleaning, and construction.

*Burmaster* involved a different plaintiff who filed a suit against PPG, seeking damages for harm allegedly caused by PPG's failure to properly maintain the hurricane protection levees in the parish. After noting that La. Act 454 of 2006 clearly expressed the Legislature's intent for its provisions to be retroactive, this Court looked to past precedent, finding:

When a party acquires a right to assert a cause of action prior to a change in the law, that right is a vested property right which is protected by the guarantee of due process. *Walls v. American Optical Corp.,* 98–0455, p. 8 (La.9/8/99), 740 So.2d 1262, 1268. *See also Cole* [*v. Celotex Corp.*], 599 So.2d [1058] at 1063 [(La.1992)]; *Crier v. Whitecloud,* 496 So.2d 305, 308 (La.1986); *Faucheaux v. Alton Ochsner Medical Found. Hosp. & Clinic,* 470 So.2d 878, 878–79 (La.1985); *Lott* [*v. Haley* ], 370 So.2d [521]at 524 [(La. 1979)]; *Burmaster v. Gravity Drainage Dist. No. 2,* 366 So.2d 1381, 1387 (La.1978). Thus, a cause of action, once accrued, cannot be divested by subsequent legislation….

*Burmaster v. Plaquemines Par. Gov't*, 982 So.2d at 807–08, quoting *Bourgeois v. A.P. Green Indus., Inc.*, 2000-1528 (La. 4/3/01), 783 So.2d 1251 at 58-59.

Accordingly, the Court in *Burmaster* found the plaintiff's claim for negligence against PPG had already accrued at the time the immunity statute at issue was implemented; thus, plaintiff could not be constitutionally divested of its cause of action through retroactive application of the statute. Although the nature of defendants' alleged actions in this case are different from those alleged by the plaintiffs in *Burmaster*, this distinction is without a difference. We find the demolition of the plaintiff's house falls as squarely under the immunity provisions of La. R.S. § 9:2800.17 as the alleged failure to properly maintain the levees fell under the immunity provision applicable in *Burmaster.* Thus, as in *Burmaster,* the plaintiff in this case may not be retroactively deprived of causes of actions which

4

vested when his house was demolished prior to the implementation of the immunity statute at issue.

Hard Rock cites to *Ardoin v. Hartford Acc. & Indem. Co.,* 360 So.2d 1331 (La. 1978) in support of its assertion that the statute at issue merely proscribes the burden of proof for plaintiff's claim. We find *Ardoin* is distinguishable from the present case. In *Ardoin,* this Court approved the retrospective application of a statute which further defined the standard of care in medical malpractice cases for different types of physicians. *Id.* The plaintiff, representing a decedent who had passed away after heart by-pass surgery, sued the doctors who performed the surgery and who had held themselves out as specialists. Subsequent to the surgery, the Legislature specified that specialists would be held to the degree of care practiced by other specialists, even if not practicing in the same locality. Finding the lower courts erred in failing to apply the statute retroactively, this Court found it to be merely procedural and interpretative, more precisely determining the standard of care or skill required by certain classes of physicians. *Id.* at 1339.

The *Burmaster* case, which followed this Court's decision in *Ardoin*, declined to extend *Ardoin's* holding, addressing at length the argument that the statute at issue merely heightened the burden of proof to require a showing of gross negligence or willful misconduct:

> *Black's Law Dictionary* 209 (8th ed.2004) defines "burden of proof" generally as "[a] party's duty to prove a disputed assertion or charge." *Black's* entry for "burden of proof" also includes this definition of "middle burden of proof": "A party's duty to prove a fact by clear and convincing evidence. This standard lies between the preponderance-of-the-evidence standard and the beyond-a-reasonable-doubt standard." *Id.* The following quote also appears in *Black's* "burden of proof" entry:
>
>> The expression "burden of proof" is tricky because it has been used by courts and writers to mean various things. Strictly speaking, burden of proof denotes the duty of establishing by a fair preponderance of the evidence the truth of the operative facts upon which the issue at hand is made to turn by substantive law. Burden of proof is

> sometimes used in a secondary sense to mean the burden of going forward with the evidence. In this sense it is sometimes said that a party has the burden of countering with evidence a prima facie case made against that party.

*Id.* (*quoting* William D. Hawkland, *Uniform Commercial Code Series* § 2A–516:08 (1984)).

> Thus, even though the term "burden of proof" to [*sic*] is used to refer to "various things," the term technically applies only to the three levels of burden of proof that are recognized by courts—i.e., (1) preponderance of the evidence, (2) clear and convincing evidence, and (3) beyond a reasonable doubt. These are the three levels of burden of proof recognized by Louisiana courts. Even though one might imprecisely refer to a plaintiff's burden of proving ordinary negligence, as opposed to proving gross negligence, as the plaintiff's "burden of proof," that term does not technically apply.

*Burmaster,* 982 So.2d at 809.

The *Burmaster* Court further concluded:

> The fact that the statute provides an exception in cases where the plaintiff can prove gross negligence or willful and wanton misconduct does not mean that the only effect of 2006 La. Act 545 was a procedural change in the burden of proof under La. Civ.Code arts. 2317 and 2317.1. Indeed, 2006 La Act 545 established a new rule, making it substantive under the definition set forth by this court in *Manuel* [*v. La. Sheriff's Risk Mgmt. Fund,* 95–0406 (La.11/27/95), 664 So.2d 81)] and *Sudwischer* [*v. Estate of Hoffpauir,* 97–0785 (La.12/12/97), 705 So.2d 724] Despite the existence of the exception, the effect of 2006 La. Act 545 is to eradicate a large portion of the liability that could otherwise have been imposed on public entities for damages caused by Hurricane Katrina. **For the foregoing reasons, we find no merit to PPG's argument that 2006 La. Act 545 did not divest the plaintiffs of any vested rights, but merely changed the plaintiffs' burden of proof.**

*Id.* at 810 (emphasis supplied).

Applying our analysis in *Burmaster* to this case, we find retroactive application of La. R.S. § 9:2800.17 does not merely change the plaintiff's burden of proof but clearly deprives the plaintiff of his vested right to bring causes of action beyond those arising from the defendants' gross negligence or willful misconduct.

**DECREE**

When a party acquires a right to assert a cause of action prior to a change in the law, that right is a vested property right which is protected by the guarantee of

due process. *Burmaster,* 982 So.2d at 807–08 (citations omitted). Thus, a cause of action, once accrued, cannot be divested by subsequent legislation. *Id.* Accordingly, we affirm the District Court's finding that La. R.S. § 9:2800.17 is unconstitutional as applied retroactively, because the plaintiff's causes of action accrued before effective date of the statute. We remand this matter for further proceedings consistent with this opinion.

**AFFIRMED AND REMANDED.**