KNOLL, Judge.
Curtis Wayne Bratten and his employer, B.J. Titan Services Company, appeal the summary judgment dismissing their third-party demand against McDermott Incorporated, the company which constructed a fixed drilling platform owned by Placid Oil Company permanently affixed to the seabed of the Gulf of Mexico. The trial court found that Bratten and Titan’s action against McDermott was barred by the ten year peremption of LSA-R.S. 9:2772, and dismissed their claims against McDermott.
Bratten and Titan contend that fixed platforms on the outer continental shelf are not “improvements to immovables” within the contemplation of the Louisiana Civil Code and thus LSA-R.S. 9:2772 is not applicable. We affirm.
FACTS
On April 19, 1986, James Bruyninckx, a Placid employee working on a permanent drilling rig in the Gulf of Mexico, sustained hand injuries when Bratten dropped a manhole cover on the deck of Placid’s drilling platform.
Bruyninckx originally named Bratten and Titan as defendants. Eighteen months *248 later Bruyninckx filed an amending and supplemental petition naming McDermott as an additional defendant, alleging it defectively designed and/or constructed the platform. Bratten and Titan filed a third-party demand against McDermott, relying upon the same theory. In particular, they contend that some manhole covers were larger than others, and that the cause of injury was that Bratten mistakenly placed a small cover on a large hole which then fell on Bruyninckx’s hand.
McDermott moved for summary judgment against all parties contending that more than ten years had elapsed between the time Placid took possession of the platform and the time Bruyninckx, Bratten, and Titan brought claims against McDer-mott. In support of its position, McDer-mott filed into evidence affidavits of Julian G. Fears, McDermott’s supervisor for cost accounting, and Sidney T. Glass, Placid’s district business manager, which established that Placid took possession of the platform on June 25, 1975. Accordingly, it argued that under LSA-R.S. 9:2772 the claims against it were barred by the passage of ten years.
Relying upon this legal analysis, the trial court dismissed Bruyninckx’s, Bratten’s and Titan’s claims against McDermott. Bratten and Titan bring this appeal. Bruyninckx has not appealed.
PEREMPTION
Bratten and Titan contend that their third-party demand against McDermott was not barred by LSA-R.S. 9:2772. They argue that: (1) LSA-R.S. 9:2772 is inapplicable to the facts; (2) it was not the legislative intent to apply LSA-R.S. 9:2772 to the Outer Continental Shelf; and (3) since LSA-R.S. 9:2772 is a statute of peremption, it must be strictly construed.
All parties to this litigation agree that the Outer Continental Shelf Lands Act, 43 U.S.C. 1331 et seq., makes Louisiana law applicable to fixed offshore platforms on the Outer Continental Shelf. Thus, Louisiana law governs the case at hand.
LSA-R.S. 9:2772 provides, in pertinent part:
“A. No action, whether ex contractu, ex delicto, or otherwise, to recover on a contract or to recover damages shall be brought against any person performing or furnishing land surveying services, as such term is defined in the first paragraph of R.S. 37:682(9), including but not limited to those services preparatory to construction, or against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of an improvement to immovable property:
* * * * * *
(2) If no such acceptance is recorded within six months from the date the owner has occupied or taken possession of the improvement, in whole or in part, more than ten years after the improvements has been thus occupied by the owner;.... ”
Is Placid’s fixed platform permanently affixed to the seabed an immovable? In urging us to answer this question in the negative, Bratten and Titan focus only on LSA-C.C. Art. 462 which states that tracts of land, with their component parts, are immovable. They argue that the seabed is not land, and thus the platform cannot be an immovable. We disagree.
We find LSA-C.C. Art. 464 more on point. LSA-C.C. Art. 464 states, “Buildings and standing timber are separate im-movables when they belong to a person other than the owner of the ground.”
In Olsen v. Shell Oil Co., 365 So.2d 1285 (La.1978), the Louisiana Supreme Court determined that for purposes of LSA-C.C. Art. 2322 a fixed drilling platform is a building. There the court stated:
“Without further defining the limits of a ‘building’ within the meaning of Article 2322, it is sufficient for present purposes to hold that a permanent structure, such as the fixed drilling platform owned by Shell and which has a foundation in the soil, is indeed a building for purposes of that article, whether or not intended for habitation.” (Footnote omitted.)
Id., at page 1290.
Bratten and Titan concede in the present case that the United States owns the *249 seabed where the Placid platform is located. Moreover, we have no difficulty finding that under the rationale of Olsen the fixed drilling platform is a building owned by Placid. Accordingly, applying the principle enunciated in LSA-C.C. Art. 464, we find that the fixed drilling platform was a separate immovable. Therefore, the provisions of LSA-R.S. 9:2772 were correctly applied in the case sub judice.
In reaching this conclusion, Bratten and Titan contend that our decision in Lopez v. Chicago Bridge and Iron Co., 546 So.2d 291 (La.App. 3rd Cir.1989), writ denied, 551 So.2d 1323 (1989), requires us to reverse the trial court’s decision in the present case. We disagree. In Lopez the autoclave was not classified either as a building, as in the case sub judice, or as a component part of a building. Thus, as explained in Comment (d) to LSA-C.C. Art. 464, determination of who was the owner of the land was essential to the analysis of whether the autoclave was an immovable. In the case sub judice, it is clear that since we must not solely rely upon the common ownership of the building (the fixed platform) and the seabed to establish the platform’s classification as an immovable, LSA-C.C. Art. 464 is dispositive of the issue presented.
We also find as unmeritorious Bratten and Titan’s contention that the characterization of the seabed as land would lead to the conclusion under LSA-C.C. Art. 490 that whoever owned the seabed also would own the sea. This contention overlooks the phrase in LSA-C.C. Art. 490, “unless otherwise provided by law.” Under LSA-C.C. Art. 449 the high seas are a common thing and may not be owned by anyone. Accordingly, LSA-C.C. Art. 449 is another provision of law which negates the strained construction advanced by Bratten and Titan. Therefore, our characterization of Placid’s platform as an immovable clearly falls within the codal framework of LSA-C.C. Art. 464, and is consistent with LSA-C.C. Arts. 449 and 490.
We are also not swayed by Bratten and Titan's argument that the Louisiana legislature did not intend that LSA-R.S. 9:2772 would apply to fixed offshore drilling platforms. No such prohibition appears in the statute. Moreover, Louisiana courts have applied general Louisiana law through the Outer Continental Shelf Act to offshore platforms, extending LSA-C.C. Art. 2322 in Olsen, and similarly applying the Well Lien Act, LSA-R.S. 9:4861, in La. Materials Co., v. Atlantic Richfield Co., 486 So.2d 776 (La.App. 4th Cir.1986), reversed on other grounds, 493 So.2d 1141 (La.1986). Our disposition herein is in conformity with those judicial pronouncements.
In the end, Bratten and Titan, quoting Foster v. Breaux, 263 La. 1112, 270 So.2d 526 (1972), contend that where there are two permissible interpretations of a prescriptive statute, we must adopt that which favors maintaining rather than barring the action. We have strictly construed LSA-R.S. 9:2772, applying it to the fact situation herein presented and find no merit to Brat-ten and Titan’s contention.
For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are assessed to Bratten and Titan.
AFFIRMED.