# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 14, 2011

No. 10-30179

Lyle W. Cayce
Clerk

AAR, INCORPORATED,

Plaintiff - Cross Claimant - Appellee

v.

RANDY NUNEZ,

Defendant - Cross Defendant - Appellant

---

ST. BERNARD PARISH GOVERNMENT,

Plaintiff

v.

AAR, INCORPORATED,

Defendant - Appellee

v.

RANDY NUNEZ,

Defendant - Appellant

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CV-7; 2:08-CV-4194

No. 10-30179

Before BARKSDALE, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Raising issues for the first time on appeal, Randy Nunez challenges two summary judgments awarding AAR, Incorporated, funds claimed by him. AFFIRMED.

I.

In September 2005, following Hurricane Katrina, Century Investment Group, LLC, contracted with St. Bernard Parish, Louisiana, to provide recovery cleanup for the Parish. Century subcontracted with AAR to perform the work; AAR was not fully paid for its services, however, and was owed $542,058.

Century acknowledged in writing that, as of 8 December 2006, it owed that amount to AAR. For that work, Century invoiced the Parish, which in turn invoiced the Federal Emergency Management Agency.

Nevertheless, on 19 June 2007, Century assigned to Nunez, a lawyer in the Parish, Century's right to receivables due it from the Parish. Century made the assignment to avoid an action by Nunez for a defective modular home Century delivered Nunez' parents in 2006.

In January 2008, AAR filed an action in district court against Century for payment due and was granted a default judgment for $542,058, plus interest. That March, the Parish received $319,822.50 from FEMA, pursuant to the Parish's submitted claim for work done under the Century contract. (Nunez and AAR claim entitlement to this sum.)

That May, from the FEMA payment, the Parish both paid Nunez $159,972.50 and filed a concursus (interpleader) proceeding in state court for the remaining $159,850, depositing that amount in the court's registry. AAR

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30179

removed the concursus proceeding to district court and consolidated it with its above-described action against Century, seeking the total amount owed for its cleanup work.

AAR was granted summary judgment for the $159,850 held in concursus, plus interest. In granting summary judgment, the court reasoned that Nunez was not entitled to that amount because Century had acknowledged its debt to AAR and, therefore, had no right to assign Nunez its rights to the FEMA payment. *AAR, Inc. v. Century Inv. Group, LLC et al.,* No. 08-0007 (E.D. La. 22 May 2009) (order granting AAR's first summary-judgment motion).

As noted, AAR also claimed entitlement to the above-described $159,972.50 paid by the Parish to Nunez; therefore, AAR filed a second summary-judgment motion for that amount. That motion was granted for the same reasons the first motion had been. *AAR, Inc. v. Century Inv. Group, LLC et al.,* No. 08-0007 (E.D. La. 5 Feb. 2010) (order granting AAR's second summary-judgment motion).

## II.

Nunez challenges both summary judgments, pursuant to two issues he did not raise in district court. For the following reasons, we decline to consider either issue.

## A.

Nunez claims: he is entitled to a return of both the funds he received from the Parish and the interpleaded funds because, under Chapter 9 of the Louisiana Uniform Commercial Code, he qualifies as a perfected secured creditor, making his claim preferred over AAR's unsecured claim. Because Nunez did not raise this issue in district court, the normal *de novo* standard of review for summary judgment is not applicable.

Instead, this issue will not be considered unless "extraordinary circumstances" are present. *E.g.*, *AG Acceptance Corp. v. Veigel*, 564 F.3d 695,

3

No. 10-30179

700 (5th Cir. 2009) (internal citations omitted); *State Indus. Prods. Corp. v. Beta Tech., Inc.*, 575 F.3d 450, 456 (5th Cir. 2009). Such circumstances exist when the new issue: involves a pure question of law; and, our refusing to consider it results in a miscarriage of justice. *Veigel*, 564 F.3d at 700 (citing *N. Alamo Water Supply Corp. v. City of San Juan*, 90 F.3d 910, 916 (5th Cir. 1996)).

This exception does *not* apply here. Even assuming the issue raises a pure question of law, refusing to consider it would *not* result in the requisite miscarriage of justice. Nunez has failed to assert "any reason for his failure to raise this issue below nor shown any unique harm such as to make the result manifestly unfair if he were *not* allowed to present this issue to us". *Clark v. Aetna Cas. & Sur. Co.*, 778 F.2d 242, 249 (5th Cir. 1985) (emphasis added).

Along that line, Nunez' not receiving any of the funds paid to the Parish by FEMA is not manifestly unfair: AAR was owed those funds by Century for AAR's cleanup of the Parish, which Century acknowledged in writing; and it is not unjust for AAR to receive the funds paid to Nunez and the interpleaded funds, in order to compensate AAR for its services. On the other hand, a miscarriage of justice would result if Nunez were permitted to recover the funds paid by FEMA to the Parish, even though AAR was entitled to this payment under its contract with Century.

B.

Nunez also contends, for the first time in his reply brief, that, even if he were *not* a secured creditor: he and AAR were both unsecured creditors; there is no priority between them; and, therefore, he is entitled to retain the $159.972.50 paid to him by the Parish and should share ratably in the interpleaded funds. As stated *supra*, we decline to consider this even more belated issue.

Generally, and for obvious reasons, a reply brief is limited to addressing matters presented by appellant's opening brief and by appellee's response brief,

4

No. 10-30179

and "is not the appropriate vehicle for presenting new arguments or legal theories to the court". *United States v. Feinberg*, 89 F.3d 333, 340-41 (7th Cir. 1996). Therefore, "[a]n appellant abandons all issues not raised and argued in its *initial* brief on appeal". *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) (emphasis in original); *see also Proctor & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004).

## III.

For the foregoing reasons, the judgment is AFFIRMED.