# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30980
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 25, 2016

Lyle W. Cayce
Clerk

JAMES HEFREN,

  Plaintiff - Appellant

v.

MCDERMOTT, INC.,

  Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:12-CV-1899

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Plaintiff–Appellant James Hefren filed suit in state court against Defendant–Appellee McDermott, Inc., alleging personal injuries from McDermott's design and construction of the Front Runner Spar, an offshore drilling and production platform in the Gulf of Mexico.  Following removal of the case to federal court, McDermott filed a motion for summary judgment,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30980

arguing that Hefren's claims were perempted under Louisiana state law and could no longer be brought.  The district court granted the motion for summary judgment, and Hefren now appeals.  For the following reasons, we AFFIRM the judgment of the district court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The instant case arises out of personal injuries allegedly sustained by Plaintiff–Appellant James Hefren while he was employed by Murphy Exploration & Production Company, USA (Murphy), as a lead operator on the Front Runner Spar.  In March 2002, Murphy contracted with Defendant–Appellee McDermott, Inc. (McDermott) to have McDermott design and construct the Front Runner Spar, an offshore facility to be used by Murphy for removing and processing petroleum from the seabed of the Gulf of Mexico.[1]  In May 2004, Murphy accepted delivery of the Front Runner Spar and affixed it to the seafloor at the outer continental shelf adjacent to the State of Louisiana where it has remained since, operating as a platform facility with three decks used for crew quarters, drilling, and production.

According to Hefren, he suffered significant injury on or about June 6, 2011, on the Front Runner Spar when a flange of a valve struck him in the face.  Following his injury, Hefren filed suit against Murphy and McDermott in the 16th Judicial District Court for the Parish of St. Mary in Louisiana on June 4, 2012.[2]  In his complaint, Hefren invoked jurisdiction under the Jones Act and general maritime law and asserted claims for negligence.  Hefren

---

[1] As previously described by this court, "[a] spar is a nautical structure designed to float with the bulk of the hull below waves—something akin to a giant buoy," and spars have increasingly been used "to exploit oil and gas resources in deeper ocean waters." *Fields v. Pool Offshore, Inc.*, 182 F.3d 353, 355 (5th Cir. 1999).

[2] Hefren's initial complaint improperly named J. Ray McDermott Gulf Contractors, Inc., as a defendant rather than McDermott, Inc.  Hefren later supplemented and amended his original complaint, substituting McDermott as a defendant.

No. 15-30980

alleged that both Murphy and McDermott failed to take precautions for Hefren's safety and specifically alleged that McDermott failed to properly design and construct the Front Runner Spar. Murphy then removed the matter to the United States District Court for the Western District of Louisiana on July 12, 2012, asserting diversity jurisdiction under 28 U.S.C. § 1332 and jurisdiction under the Outer Continental Shelf Lands Act (OCSLA). Hefren subsequently filed a motion to remand his case to state court on August 13, 2012, arguing that he was a seaman under the Jones Act and that Jones Act claims could not be removed to federal court on the basis of diversity jurisdiction.[3] However, the motion was denied on October 25, 2012, by a magistrate judge who concluded that Hefren could not maintain a claim under the Jones Act because the Front Runner Spar was not a vessel and therefore Hefren was not a seaman. On May 2, 2013, the district court entered summary judgment for Murphy, dismissing Hefren's tort claims against Murphy as barred by the exclusive remedy provisions of the Longshore & Harbor Workers' Compensation Act.

On February 17, 2014, McDermott filed its own motion for summary judgment, seeking the dismissal of Hefren's claims against it with prejudice. McDermott argued that Hefren's claims were barred or perempted under La. Stat. Ann. § 9:2772, which provides that no action arising out of deficiencies in the design or construction of immovable property can be brought five years

---

[3] Under the Jones Act, "[a] seaman injured in the course of employment . . . may elect to bring a civil action at law, with the right of trial by jury, against the employer." 46 U.S.C. § 30104. Because the Jones Act incorporates "[l]aws of the United States regulating recovery for personal injury . . . of a railway employee," *id.*, it also incorporates those laws' prohibition against removal of actions filed in state court. *See* 28 U.S.C. § 1445(a) ("A civil action in any State court against a railroad or its receivers or trustees, arising under [federal laws applicable to the liability of railroads], may not be removed to any district court of the United States.").

No. 15-30980

after the date on which the property is accepted by the owner.[4]   Because

Hefren's claims—relating to deficiencies in the Front Runner Spar—were

brought in 2013 and Murphy took possession of the Front Runner Spar in 2004,

McDermott argued that Hefren's claim was perempted and that McDermott

---

[4] The applicable Louisiana statute provides, in relevant part:

A. Except as otherwise provided in this Subsection, no action, whether ex contractu, ex delicto, or otherwise, including but not limited to an action for failure to warn, to recover on a contract, or to recover damages, or otherwise arising out of an engagement of planning, construction, design, or building immovable or movable property which may include, without limitation, consultation, planning, designs, drawings, specification, investigation, evaluation, measuring, or administration related to any building, construction, demolition, or work, shall be brought against any person performing or furnishing land surveying services, as such term is defined in R.S. 37:682, including but not limited to those services preparatory to construction, or against any person performing or furnishing the design, planning, supervision, inspection, or observation of construction or the construction of immovables, or improvement to immovable property, including but not limited to a residential building contractor as defined in R.S. 37:2150.1:
(1)(a) More than five years after the date of registry in the mortgage office of acceptance of the work by owner.
. . .
B. (1) The causes which are perempted within the time described above include any action:

> (a) For any deficiency in the performing or furnishing of land surveying services, as such term is defined in R.S. 37:682, including but not limited to those preparatory to construction or in the design, planning, inspection, or observation of construction, or in the construction of any improvement to immovable property, including but not limited to any services provided by a residential building contractor as defined in R.S. 37:2150.1(9).
> (b) For damage to property, movable or immovable, arising out of any such deficiency.
> (c) For injury to the person or for wrongful death arising out of any such deficiency.
> (d) Brought against a person for the action or failure to act of his employees.

(2) Deficiency, as used in this Section, includes failure to warn the owner of any dangerous or hazardous condition, regardless of when knowledge of the danger or hazard is obtained or should have been obtained.

La. Stat. Ann. § 9:2772.

was entitled to judgment as a matter of law. In response, Hefren argued that La. Stat. Ann. § 9:2772 did not apply to his claims against McDermott because the Front Runner Spar was not immovable as only its mooring system was attached to the seabed, allowing it to be unmoored and transported across the ocean. Hefren also argued that he asserted claims outside of the scope of that statute when he claimed that McDermott failed to identify safety hazards to Murphy employees.

The district court granted McDermott's motion for summary judgment and dismissed Hefren's claims against McDermott with prejudice on April 9, 2014. Examining the undisputed facts, the court noted that the Front Runner Spar was "a structure permanently affixed to the seabed and not a vessel." The district court then noted that, although Louisiana courts and the Fifth Circuit had never concluded whether spars were immovable property, these courts had held that fixed, offshore platforms permanently affixed to the sea floor were immovable property and that spars were akin to offshore platforms. Based on these cases and certain features of the Front Runner Spar, the court held that the Spar was a "building" and constituted immovable property under La. Stat. Ann. § 9:2772. Among other features, the court noted that the Spar's mooring system was permanently attached to the seabed, the Spar was intended to be at its location for a twenty-year lifetime, it would take months of planning and work to remove the Spar from its anchored position in the Gulf of Mexico, and the Spar had remained fixed in its original location since being attached—even remaining there through several hurricanes. Regarding Hefren's assertion that some of his claims were not within La. Stat. Ann. § 9:2772, the court held that these claims were essentially failure to warn claims and were perempted by the statute. Hefren timely appealed the judgment.

## II. STANDARD OF REVIEW

We review a grant of summary judgment *de novo,* applying the same

No. 15-30980

standard as the district court. *Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, "[a] mere scintilla of evidence will not preclude granting of a motion for summary judgment." *Schaefer v. Gulf Coast Reg'l Blood Ctr.*, 10 F.3d 327, 330 (5th Cir. 1994) (per curiam). "We construe all facts and inferences in the light most favorable to the nonmoving party when reviewing grants of motions for summary judgment." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (quoting *Murray v. Earle*, 405 F.3d 278, 284 (5th Cir. 2005)).

### III. PREEMPTION UNDER LOUISIANA STATE LAW

In determining whether Hefren's suit is barred, we look to Louisiana law under OCSLA because the Front Runner Spar is located on the outer continental shelf adjacent to the State of Louisiana. *See Fruge ex rel. Fruge v. Parker Drilling Co.*, 337 F.3d 558, 560 (5th Cir. 2003) ("OCSLA adopts the law of the adjacent state . . . as surrogate federal law, to the extent that it is not inconsistent with other federal laws and regulations.").[5] Under the applicable

---

[5] The applicable provision of OCSLA provides, in relevant part:

> To the extent that they are applicable and not inconsistent with this subchapter or with other Federal laws and regulations of the Secretary now in effect or hereafter adopted, the civil and criminal laws of each adjacent State, now in effect or hereafter adopted, amended, or repealed are declared to be the law of the United States for that portion of the subsoil and seabed of the outer Continental Shelf, and artificial islands and fixed structures erected thereon, which would be within the area of the State if its boundaries were extended seaward to the outer margin of the outer Continental Shelf.

43 U.S.C. § 1333(a)(2)(A).

No. 15-30980

Louisiana law, any action relating to a deficiency "in the design, planning, inspection, or observation of construction, or in the construction of any improvement to immovable property," and alleging personal injury or "failure to warn," is perempted if brought "[m]ore than five years after . . . acceptance of the work by [the] owner." La. Stat. Ann. § 9:2772. Rather than simply "barr[ing] the remedy to be enforced" like a statute of limitations, this "peremptive statute . . . totally destroys the previously existing right so that, upon expiration of the statutory period, a cause of action or substantive right no longer exists to be enforced." *KSLA-TV, Inc. v. Radio Corp. of Am.*, 732 F.2d 441, 443 (5th Cir. 1984) (per curiam). The parties here disagree over whether the Front Runner Spar is immovable property under Louisiana law. If it is, then Hefren's claims against McDermott fall within the Louisiana statute of peremption and no longer exist because they were brought more than five years after Murphy accepted delivery of the Front Runner Spar.[6]

As the district court properly concluded, the Front Runner Spar is immovable property and Hefren's claims are extinguished under La. Stat. Ann. § 9:2772. In *Olsen v. Shell Oil Co.*, 365 So. 2d 1285, 1290 (La. 1978), the Supreme Court of Louisiana recognized that a fixed offshore drilling platform constituted an immovable "building" within the meaning of a separate Louisiana statute. In particular, the court explained that, in determining whether an object was a building, there was "[a]n inherent requirement . . . that there be a structure of some permanence." *Id.* at 1289. Relying on *Olsen*, a Louisiana appellate court later found that a "fixed drilling platform was a

---

[6] Hefren argues that his claims against McDermott for failing to instruct Murphy employees on how to operate the equipment are not subject to the statute of peremption because he is alleging a failure to provide adequate instruction rather than a failure to warn. However, under Louisiana law, instructions and warnings are considered part of the design of an object, and both are subject to the statute of peremption as to design defect claims in La. Stat. Ann. § 9:2772. *Smith v. Arcadian Corp.*, 657 So. 2d 464, 469 (La. Ct. App. 1995).

separate immovable," within the meaning of La. Stat. Ann. § 9:2772. *Bruyninckx v. Bratten*, 554 So. 2d 247, 249 (La. Ct. App. 1989). Although spars are not the same as fixed drilling platforms, we have previously noted that a spar can resemble a fixed drilling platform because it "serve[s] as a work platform in a specific, fixed location for the foreseeable future," and is "secured to the ocean floor . . . using an elaborate system that guarantees movement will be a difficult and expensive undertaking." *Fields*, 182 F.3d at 358; *see also Mendez v. Anadarko Petroleum Corp.*, 466 F. App'x 316, 317 (5th Cir. 2012) (per curiam) (unpublished) (noting that a spar's "features [we]re . . . consistent with a fixed structure permanently moored far offshore").

While both *Fields* and *Mendez* were Jones Act cases that ultimately concluded that spars were not vessels for the purpose of the Jones Act, their discussion of spars illustrates the similarity of spars to fixed offshore drilling platforms that are considered immovable property under Louisiana law. This caselaw and the specific facts found by the district court lead us to conclude that the Front Runner Spar is immovable property. Like a "building" under Louisiana law, there is "some permanence" to the Front Runner Spar as it has not moved from its present location, is intended to remain there for its twenty year life, and has a permanent mooring system. *Olsen*, 365 So. 2d at 1289. And while Hefren argues that the Front Runner Spar cannot be immovable because it *could be* moved, he fails to address the district court's finding that it would take planning, work, and deconstruction of the Front Runner Spar in order to move it from its anchored position, a feature that gives the Spar "some permanence."[7] *Id.*

---

[7] In the alternative, Hefren suggests that the question of whether the Front Runner Spar is immovable property should be certified to the Louisiana Supreme Court. We decline this invitation. Although Louisiana courts do not appear to have answered the question of whether spars are immovable property, we find sufficient guidance in the existing caselaw to decide the instant matter. *See Transcon. Gas Pipeline Corp. v. Transp. Ins. Co.*, 958 F.2d

No. 15-30980

## IV. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

622, 623 (5th Cir. 1992) (per curiam) ("Certification is not a panacea for resolution of those complex or difficult state law questions which have not been answered by the highest court of the state. Neither is it to be used as a convenient way to duck our responsibility in OCSLA or diversity jurisdiction.").