# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 20, 2017

Lyle W. Cayce
Clerk

No. 16-31206

MALDONADO INVESTMENTS, L.L.C., on behalf of Olive Street Bistro,

> Plaintiff–Appellant,

v.

STATE FARM FIRE & CASUALTY COMPANY,

> Defendant–Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:14-CV-2597

Before JONES, SMITH, and PRADO, Circuit Judges.

PER CURIAM:*

Plaintiff–Appellant Maldonado Investments, L.L.C. ("Maldonado Investments") appeals from the district court's grant of summary judgment in favor of Defendant–Appellee State Farm Fire & Casualty Company ("State Farm"). For the reasons set forth below, we AFFIRM.

## I. BACKGROUND

Maldonado Investments owned and operated Olive Street Bistro, an Italian restaurant in Shreveport, Louisiana. State Farm issued a fire

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-31206

insurance policy to Maldonado Investments effective February 26, 2013, through February 26, 2014 (the "Policy"). "Coverage A" of the Policy applied to the buildings housing the Olive Street Bistro, and "Coverage B" of the Policy applied to the business personal property in those buildings.

On the night of September 30, 2013, a fire destroyed the Olive Street Bistro. Investigators with the Shreveport Fire Department determined that the fire was intentionally set. Maldonado Investments filed a claim on the Policy for losses sustained in the fire, including the total loss of its buildings, the total loss of all personal property, and the loss of business income. State Farm conducted an investigation, and on January 21, 2014, denied Maldonado Investments' claim under the Policy's exclusion for dishonesty ("Dishonesty Exclusion").[1] Over two years later, Carl Dollar, an employee of the Olive Street Bistro at the time of the fire, entered an *Alford* plea[2] in Louisiana state court to arson with intent to defraud in connection with the fire. *See* La. Stat. Ann. § 14:53 (2014).

Maldonado Investments filed this coverage action against State Farm in state court on August 4, 2014, and State Farm removed the action to federal

---

[1] The Dishonesty Exclusion provides that the Policy does not cover:

> Dishonest or criminal acts by [the insured], anyone else with an interest in the property, or any of [the insured's] or their partners, "members," officers, "managers," employees, directors, trustees, authorized representatives or anyone to whom [the insured] entrust[s] the property for any purpose:
>
> . . . .
>
> This exclusion does not apply to acts of destruction by [the insured's] employees; but theft by employees is not covered.

[2] Named after the equivocal guilty plea upheld by the Supreme Court in *North Carolina v. Alford*, 400 U.S. 25 (1970), "[a] defendant entering an *Alford* plea pleads guilty but affirmatively protests his factual innocence to the charged offense." *United States v. Harlan*, 35 F.3d 176, 180 n.1 (5th Cir. 1994); *see, e.g.*, *State v. Orman*, 704 So. 2d 245, 245–46 (La. 1998).

2

No. 16-31206

court, invoking diversity jurisdiction. State Farm then filed a motion for summary judgment asserting that the Dishonesty Exclusion applied to exclude coverage for Maldonado Investments' claimed losses. In response, Maldonado Investments argued that the Dishonesty Exclusion "was made expressly inapplicable by a policy endorsement add-on, CMP-4710 Employee Dishonesty" (the "Endorsement").[3] The district court disagreed, finding that the Endorsement only modified Coverage B (relating to business personal property) and that in any event, Maldonado Investments failed to raise a genuine dispute of material fact that Dollar intended to obtain a financial benefit for any employee or any other person or organization, which are elements required to establish coverage under the Endorsement. The district court granted summary judgment in favor of State Farm, and Maldonado Investments timely appealed.

## II. DISCUSSION

This Court reviews a grant of summary judgment de novo, applying the same standards as the district court. *Hefren v. McDermott, Inc.*, 820 F.3d 767, 771 (5th Cir. 2016). We "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine

---

[3] The Endorsement provides that State Farm will cover:

> [D]irect physical loss to Business Personal Property . . . resulting from dishonest acts committed by any of [the insured's] "employees" acting alone or in collusion with other persons (except [the insured] or [the insured's] partner) with the manifest intent to:
> a. Cause [the insured] to sustain loss; and
> b. Obtain financial benefit (other than salaries, commissions, fees, bonuses, promotions, awards, profit sharing, pensions or other "employee" benefits earned in the normal course of employment) for:
> (1) Any "employee"; or
> (2) Any other person or organization intended by that "employee" to receive that benefit.

dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "All reasonable inferences must be viewed in the light most favorable to the party opposing summary judgment, and any doubt must be resolved in favor of the non-moving party." *In re La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

On appeal, Maldonado Investments argues that the district court erred in granting summary judgment because the Dishonesty Exclusion's exception for "acts of destruction" by "employees" (the "Employee Destruction Exception") applies and establishes coverage. However, Maldonado Investments did not raise this argument in the district court; it only argued that the Dishonesty Exclusion was made entirely inapplicable by the Endorsement. Because Maldonado Investments did not dispute that the Dishonesty Exclusion would apply but for the Endorsement, the district court did not have an opportunity to consider the Employee Destruction Exception argument Maldonado Investments advances on appeal. Accordingly, Maldonado Investments waived its Employee Destruction Exception argument. *See, e.g., Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 339–40 (5th Cir. 2005).

Maldonado Investments argues that we are nonetheless obliged to consider whether the Employee Destruction Exception applies because it involves a pure question of law that, if ignored, would result in a miscarriage of justice. *See Coastal States Mktg., Inc. v. Hunt*, 694 F.2d 1358, 1364 (5th Cir. 1983); *see also Hormel v. Helvering*, 312 U.S. 552, 556–59 (1941). However, neither condition is satisfied in this case. The applicability of the Employee Destruction Exception does not involve a pure question of law. The parties dispute the facts surrounding Dollar's relationship with the Olive Street Bistro

and, by extension, Maldonado Investments. Specifically, they dispute whether Dollar served in a managerial capacity so as to make him a "manager" under the Policy as opposed to merely an "employee." Moreover, our failure to consider this new argument will not result in a miscarriage of justice. To invoke a miscarriage of justice, we have required litigants to show good cause for their failure to raise an issue below or identify a unique harm making the result manifestly unfair absent their ability to press an issue on appeal. *See Clark v. Aetna Cas. & Sur. Co.*, 778 F.2d 242, 249 (5th Cir. 1985); *see also AAR, Inc. v. Nunez*, 408 F. App'x 828, 830 (5th Cir. 2011) (per curiam) (unpublished). Maldonado Investments does not provide a reason for its failure to raise this issue below or identify any unique harm involved in this case. Therefore, we will not consider for the first time on appeal Maldonado Investments' argument that the Employee Destruction exception applies. *See Clark*, 778 F.2d at 249.

Maldonado Investments also argues that the district court erred in granting summary judgment as to Coverage B because Dollar's *Alford* plea created a genuine dispute of material fact as to whether the Endorsement's elements were satisfied.[4] The elements required to establish arson with intent to defraud and to establish coverage under the Endorsement are not coextensive, and as the district court correctly noted, Dollar's *Alford* plea was not accompanied by a detailed colloquy addressing the elements of the charged offense—let alone the elements required to establish coverage under the Endorsement.[5] Significantly, Dollar's *Alford* plea did not identify any financial benefit he intended to receive (or intended another person or organization to receive) by setting the fire, which are elements required to establish coverage

---

[4] Maldonado Investments does not challenge on appeal the district court's finding that the Endorsement only modified Coverage B (and not Coverage A).

[5] We thus need not, and do not, attempt to delineate when an *Alford* plea is admissible in a subsequent civil proceeding.

under the Endorsement. What we are left with is Maldonado Investments' speculation that Dollar entered his *Alford* plea because he set the fire "in order to get money" from an unidentified source. However, such speculation is insufficient to raise a genuine dispute of material fact regarding coverage under the Endorsement. *See Likens v. Hartford Life & Acc. Ins. Co.*, 688 F.3d 197, 202 (5th Cir. 2012) ("[T]he non-movant still cannot defeat summary judgment with speculation, improbable inferences, or unsubstantiated assertions."); *see also Brown v. City of Hous.*, 337 F.3d 539, 541 (5th Cir. 2003). Accordingly, the district court properly granted State Farm's motion for summary judgment.

## III. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.