# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30808

United States Court of Appeals
Fifth Circuit

**FILED**
June 6, 2018

Lyle W. Cayce
Clerk

RICKY L. BROWN,

      Plaintiff - Appellant

v.

BOARD OF COMMISSIONERS FIFTH LOUISIANA LEVEE DISTRICT;
JAMES SHIVERS; REYNOLD MINSKY,

      Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:12-CV-289

Before CLEMENT, HIGGINSON, and HO, Circuit Judges.

PER CURIAM:*

Appellant Ricky Brown appeals from the district court's grant of summary judgment in favor of defendants Reynold Minsky, James Shivers, and the Fifth Louisiana Levee District. Brown alleges that the defendants violated his right to equal protection by failing to grant the permits required to develop his property, which is partially subject to Louisiana's Bondurant

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30808

Levee and Hydraulic Fill and to a right-of-way in favor of the Levee District. He contends that other landowners were permitted to develop their property, while he was unfairly prevented from doing so.

For Brown's "class of one" equal protection claim to succeed, he must establish "that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). And when considering a motion for summary judgment, "[a] genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Hefren v. McDermott, Inc.*, 820 F.3d 767, 771 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Here, the only evidence Brown adduced is a single affidavit and a batch of supporting photographs depicting improvements by other landowners that, according to Brown, "appear . . . to be within the Levee District's alleged right of way" and would thus have required permits to construct—the permits he claims he was denied. None of this evidence establishes a genuine dispute of material fact as to whether an equal protection violation occurred: Brown has not demonstrated that he was situated similarly to these landowners or that the other landowners' property is similar to his.

We note that "mere conclusory allegations are not competent summary judgment evidence, and such allegations are insufficient, therefore, to defeat a motion for summary judgment." *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Accordingly, Brown has failed to carry his burden. Finally, Brown has not shown that the district court abused its discretion in denying his late-raised request for additional time to develop his position. *See McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 700–01 (5th Cir. 2014).

AFFIRMED.

2